IN THE MATTER OF THE PETITION OF JOHN T. LORD
TO VACATE AN ASSESSMENT.

In proceedings under the act of 1858 (chap. 338, Laws of 1858), to vacate an assessment for repaving a street in the city of New York, after the property had been once assessed for a like work on the same street (chap. 313, Laws of 1874), it appeared that the assessment was confirmed September 1, 1869; the petition was dated December 27, 1876. The petitioner established the irregularities complained of. It did not appear that the city had enforced the assessment against any property or owner, or that any part of it had been paid, and no change of circumstances appeared save that the city had paid the expenses of the improvement. *Held*, that the delay of the petitioner in applying for relief was not, under the circumstances, an answer to his application, and did not justify a refusal to grant the relief sought.

*It seems*, however the court is not absolutely bound to entertain a petition under said act of 1858, where it sets forth a *prima facie* case, or to grant relief when the facts stated are proved, without regard to the lapse of time since the irregular official action complained of, but may refuse the relief when because of the delay or for other cause upon any principle recognized by the courts the petitioner is not entitled to present relief. *Miner* v. *Beekman* (50 N. Y., 337), distinguished.

(Argued June 10, 1879; decided September 16, 1879.

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term denying the application of the petitioner to vacate an assessment upon his property for repaving Great Jones street in the city of New York.

The facts appear sufficiently in the opinion.

*T. F. Neville*, for appellant. The right to bring this action cannot be barred except by a statute of limitations. (Angell on Limitation, 11, § 12; 2 Inst., 95; Co. Litt., 115; 4 Rep., 10; *People* v. *Gilbert*, 18 J. R., 227; *Wilcox* v. *Fitch*, 20 id., 475; *Wall* v. *Robson*, 2 Mott & McCord [S. C.], 499; *Miner* v. *Beekman*, 14 Abb. [N. S.], 6 [Court App., 1873.].) The doctrine of *laches* does not apply. (*Ormsby* v. *Vermont Copper Mining Co.*, 56 N. Y., 623; *Platt* v. *Platt*, 58 id., 624; *Pyser* v. *Mayor*, 70 id., 497; *In re Astor*, 53 id., 617; *People* v. *Eggleston*, 3 How. Pr., 123; *Weeks* v. *Merritt*, 5 Robt., 619; *Hallett* v. *Righters*, 13 How., 43–46; *Dederick* v. *Richely*, 19 Wend., 108; *Bigelow* v. *Stearns*, 19 J. R., 141; *M. and N. Bank* v. *Boyd*, 3 Den., 257; *Lucas* v. *Baptist, etc.*, 4 How., 353; *Guest* v. *Brooklyn*, 69 N. Y., 515–516.)

*J. A. Beall*, for respondent. The petitioner's *laches* in delaying to bring these proceedings for over seven years after the confirmation of the assessment should preclude the granting of the petition. (Laws 1858, 575; *People* v. *Mayor, etc.*, 2 Hill, 12, 13; *Elmendorf* v. *Mayor, etc.*, 25 Wend., 693; *Peyser* v. *Mayor, etc.*, 70 N. Y., 497; *People* v. *Sups. Alleghany*, 15 Wend., 198; *People* v. *Stillwell*, 19 N. Y., 531; *State* v. *Newark*, 30 N. J. Law Rep., 303; *State* v. *Jersey City*, 35 id., 455; *Chime* v. *Trustees*, 32 Ohio State, 203; *People* v. *Utica*, 65 Barb., 9; *Frost* v. *Koon*, 30 N. Y., 428; *Story* v. *Furman*, 25 id., 231; *Warren* v. *Glyn*, 37 N. Hamp., 340.) Although the petitioner may be within the letter of the statute, he cannot succeed because not within its spirit. (*People* v. *Utica Ins. Co.*, 15 J. R.,

358; *Jackson* v. *Collins*, 3 Cowen, 89; *Dresser* v. *Brooks*, 3 Barb., 429; § 3, chap. 149, Laws 1821, val. Laws p. 1241; chap. 179, Laws 1853, § 7.)

Folger, J.   This matter arises upon the petition of the appellant, for the vacating of an assessment laid upon his property for the paving of the street in front thereof.   The proceeding is special, under the act of 1858 :   (Chap. 338, Laws of 1858, p. 574.)   Certain irregularities are shown by the proofs of the petitioner; and that they existed seems to be conceded by the counsel for the respondent.   It also appears that the assessment complained of was for a second or subsequent pavement, after the property had been once assessed for a like work upon the same street.:   (Laws of 1874, chap. 313, pp. 366, 367).   The petitioner makes a case for relief, unless he has waited too long before seeking for it in the courts.   The assessment was confirmed on the 1st September, 1869 ; the petition is dated December 27, 1876 ; a lapse of time of over seven years.

It is not claimed that there is a statute of limitations within which the case falls.   The defense of the respondent rests upon the *laches* of the petitioner, that is to say, upon his slackness or negligence in prosecuting his right.   The doctrine which is shortly indicated by that word is, that for the peace of society a court will refuse to interfere, though there is no statute of limitations applicable, yet there has been gross neglect in prosecuting rights, or long and unreasonable acquiescence in the assertion of adverse rights.   A court of equity is never active against public convenience, and refuses its aid where a party has slept upon his right :   (*Smith* v. *Clay*, Ambler, 645.)   What length of neglect to enforce a right will bring a case under the operation of this rule, may not be abstractly determined.   Regard must be had to all the circumstances of the case, especially to such as show a change in property, or the relative position of parties or persons interested or affected.   In one case, a delay of fourteen months was held to be fatal :   (*McMurray*

v. *Noyes*, 72 N. Y., 523); because in that time the value
of certain property had been so changed by accidental
causes, as that the situation of the parties was materially
affected.  In another case, a delay of four years was held
fatal ; *Davison* v. *Associates of the Jersey Company*, 71
N. Y., 333 ; and for similar reasons.

We have had occasion lately to consider the question in a
kindred case; *The People ex rel. Gas Co.* v. *Syracuse*,
decided September 16, 1879; and we there came to the
conclusion that the delay of the relator to seek judicial
relief was not an answer to its application, in the state of facts
there shown, which are not unlike those in this case.  For
reasons of the same nature as there given, we do not think
that the facts of this case require or justify the application to
it of the equitable doctrine of *laches*.  The only fact that
appears upon the record showing a changed position of
affairs, is the payment by the city of the expenses of the
work, which was done in proceedings which the city, as well
as the petitioner, could have known were irregular and base-
less.  It does not appear that the city has ever enforced the
assessment against any property or owner thereof, or that
any owners have ever voluntarily paid.  So far as the record
shows, there has been no change in the relative position of
any of the natural persons affected, or sought to be, by the
proceedings.  Only the city, going on without legal author-
ity, upon an unauthorized local improvement, and paying
out money therefor, has thus changed its position.  We
doubt whether that is such a changed condition of things as
would call upon a court of equity to debar a suitor of relief,
for the reason that he had not come earlier into court for
it.  The rule we speak of is one largely of a court of equity,
though it is not unknown to a court of law, especially in its
application to proceedings for the review of assessments.
Courts of law are wont to deny relief sought by *certiorari*,
where there has been a lapse of time, which in the judgment
of the court should debar therefrom.  In *The People v.*

See *ante*, p. 56.

*The Mayor*, *etc.* (2 Hill, 9), it was held (among other things)
that a lapse of three years in bringing the writ, was a suffi-
cient reason for quashing it; see also *Elmendorf* v. *The
Same* (25 Wend., 693). The common-law writ of *certiorari*
is, however, a writ discretionary with the court, and too
much stress may not be laid upon such cases as precedents,
in a proceeding like that before us here.

It is said by the petitioner that the act of 1858 is so
framed that the courts are obliged to entertain a petition
under that act when it sets forth a *prima facie* case, and to
grant relief when the facts stated in it are proven, no matter
what length of time has gone by since the irregular official
action. The act does indeed use verbs in the imperative
mood, in prescribing the duty of the court. But it is not
to be taken from that that the court is shut out from the use
of all rules of law and equity in making up its judgment.
It would not be precluded from giving effect to a release of
the right of action, or to proof of repayment made of the
amount of the erroneous assessment, or of a former adjudi-
cation upon the same matter between the same parties.
Doubtless the act is mandatory that the court shall hear and
determine the case; but though error or irregularity is
shown, if upon any principles recognized by the courts the
petitioner is not entitled to present relief, the statute does
not intercept the force thereof, and the judgment of the
court must be based thereon.

It is said that this proceeding is analogous to a bill to
remove a cloud upon title, and it is insisted that no *laches*
of the owner will defeat his claim for relief. The case of
*Miner* v. *Beekman* (50 N. Y., 337), is cited. That case does
not in its facts, or in the reasoning of the opinion, touch the
doctrine that the right to relief may be lost by the laches
of the postulant. The judgment there was put upon the
ground that the right to sue had accrued within ten years
of the commencement of the action; that the statute of
limitations applicable to the case was that of ten years. The
question raised, discussed and determined was whether the

action was barred by the statute. No application of the equitable doctrine we have named was sought; nor was it pronounced impossible.

We perceive in the circumstances of this case that the petitioner has not come promptly for his rights; but we do not perceive that the lapse of time has wrought such changes in the relations of the parties to the subject matter, to each other, and to others concerned therein, as that the rules of equity properly considered will deny him relief.

Order reversed and rehearing ordered, costs to abide event.

All concur, except ANDREWS, J., absent.

Ordered accordingly.