## In the Matter of the Petition of BENJAMIN W. MERRIAM to vacate an assessment.

The intent of the provision of the New York city charter of 1873 (§ 91, chap. 335, Laws of 1873), requiring contracts for work and supplies to be founded on sealed proposals and given to the lowest bidders was to require a submission for competition of every important item of a contemplated work.

Where in the advertisement for proposals for constructing a sewer a price was fixed for rock excavation which constituted a large portion of the work, *held*, that this was a violation of the charter, and that an assessment for the work was so far void.

But *held* that such error furnished no ground for vacating the whole assessment ; that a case was presented for a deduction of the objectionable item as authorized by the act of 1870 (§ 27, chap. 383, Laws of 1870).

The provision of said act of 1870, allowing the modification of assessments by making such deductions was not repealed by the act of 1874 (Chap. 312, Laws of 1874), in relation to taxes and assessments in said city.

The advertisement and the contract required the purchase by the contractor from the city of sewer and culvert pipe at specified prices; said pipe had been purchased by the city under contract let at a public bidding and was furnished by the city at the contract-price. *Held*, that this provision was proper and lawful.

*It seems* that surveyors' fees are properly included as an item of expense of such a work.

By the contract the right was reserved to the commissioner of public works to increase or diminish the gross length of the sewers, culverts and drains, the number of basins or piles or the amount of foundation plank, or any other item. *Held*, that in the absence of proof of fraud, this did not impair the validity of the contract.

The onus of establishing a substantial error in an assessment devolves upon the party making objection thereto and must be proved by affirmative evidence.

Accordingly *held*, that an objection that the entire cost of the work was assessed when no more than one-half thereof was assessable upon adjacent property under the act of 1865 (§ 8, chap. 565, Laws of 1865), could not be entertained in the absence of proof of what was the entire cost of the work ; that it could not be presumed, in the absence of evidence to establish it, that more than one-half of the expense was assessed.

*It seems* that said act of 1865 has reference to the laying out of streets, not to the construction of sewers.

Also *held*, that an objection that the assessment was illegal because made up and notice published by three of the assessors, not by the full board, was not tenable in the absence of proof that all four were not present

or that the fourth did not have notice of the meeting, or that a vacancy, which had been occasioned by the death of one of the assessors, had been filled at the time of the assessment.

So, also *held*, that proof that a member of the board of revision was absent did not sustain the objection that the assessment was not legally confirmed.

(Argued December 14, 1881 ; decided March 25, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made June 11, 1880, affirming an order of Special Term vacating an assessment upon lands of the petitioner for sewers in Boulevard and other streets in the city of New York.

The objections raised and the facts pertinent thereto appear in the opinion.

*William C. Whitney and Roscoe Conkling* for appellant. The effect of stating in the proposals certain prices for certain items is not to destroy competition, even as to those items, but simply to transfer it to those items which are directly submitted to competition. (*Matter of the N. Y. Protestant Epis. School*, 75 N. Y. 324, 327.)   The court has power to reduce instead of vacating an assessment where justice is satisfied by a reduction. (Chap. 383, § 27, Laws of 1870; *Matter of McCormack*, 10 Abb. Pr. [N. S.] 234 ; *Matter of O'Hare*, 5 Hun, 287 ; *Matter of Rae*, id. 455 ; *Matter of The Hebrew Asylum*, 10 id. 112 ; *Matter of Treacey*, 59 Barb. 525 ; *Matter of Eager*, 46 N. Y. 100 ; *Matter of St. Joseph's Asylum*, 69 id. 353 ; *Matter of Cram*, id. 460 ; *Matter of Hebrew Benevolent Orphan Asylum*, 70 id. 476 ; *Matter of N. Y. Prot. E. P. School*, 75 id. 324 ; *Auchmuty's Case*, 18 Hun, 326 ; *Matter of Walter*, 75 N. Y. 354 ; *Matter of Schell*, 76 id. 432 ; *Matter of Lord*, 78 id. 109.)   There is no ground for the claim that the act of 1870, allowing the modification of assessments, in place of wholly vacating them, has been repealed by chapter 312 of the Laws of 1874.   (*Matter of Rae*, 5 Hun, 456 ; *Matter of Mead*, 74 N. Y. 216–221 ; 13 Hun, 349.)   The burden is on the petitioner to convince the court that a repeal was in-

tended ; a repeal by implication never being favored by the courts. (*McNeely* v. *Woodruff*, 1 Green, 352, 356 ; *Williams* v. *Pritchard*, 4 T. R. 2 ; *People ex rel. Kingsland* v. *Palmer*, 52 N. Y. 83 ; *Matter of Commissioners Central Park*, 50 id. 493 ; *Matter of Evergreens*, 47 id. 216.) The intention of the act of 1874 was to substitute " substantial error " in place of " legal irregularity " as the ground of relief ; not to declare that vacation and not modification should be adjudged when such ground should be made out. (*Matter of Cram*, 69 N. Y. 452, 459.) A subsequent statute effects a repeal, only so far as it is clearly and indisputably contradictory and contrary to the former act in the very matter, and where the repugnancy is such that the two acts cannot be reconciled. (*Foster's Case*, 11 Rep. 59 ; *Moore* v. *Mausert*, 5 Lans. 175 ; *Ely* v. *Holton*, 15 N. Y. 598.) All the defects alleged against the assessment in question fall within the enumeration contained in the seventh section of chapter 580 of the Laws of 1872, as well as within the same section, as amended by chapter 313 of the Laws of 1874. If any one of them, therefore, should be deemed to exist it cannot be urged in this proceeding as a ground for vacating the assessment. (*Matter of Ferdinand Mayer*, 50 N. Y. 505 ; *Matter of Prot. Epis. Pub. School*, 75 id. 324 ; *Matter of Pet. of Ind. Sav. Bank*, id. 388, 395.) The legislature has power to ratify an invalid municipal contract. (*Brown* v. *The Mayor, etc.*, 63 N. Y. 239 ; *People* v. *The Supervisors of Ulster*, 34 id. 268 ; *Matter of Petition of Em. Ind. Sav. B'k*, 75 id. 388, 394.) The errors alleged did not constitute " substantial errors," so as to be grounds for vacation under the act of 1858, as amended by the act, chap. 312, Laws of 1874. (*Matter of Prot. E. P. School*, 75 N. Y. 325 ; *Matter of Second Ave. Meth. E. Church*, 66 id. 400 ; *Matter of Em. Ind. Sav. B'k*, 75 id. 389 ; *Morewood* v. *Corporation of New York*, 6 How. Pr. 389.) The burden of establishing affirmatively that this assessment was made, and notice of the making thereof, given by an incomplete board of assessors rested upon the petitioner. (*Matter of Hebrew B. O. A. Soc.*, 70 N. Y. 476, 479 ; 2 R. S. 555,

§ 27; *Doughty* v. *Hope*, 3 Den., 594; *S. C.*, id. 249; *Downing* v. *Rugar*, 21 Wend. 178; Dill. on Mun. Corp. § 221; *Ex parte Rogers*, 7 Cow. 526.) If . the act of making the assessment and . giving the notice thereof were those of three assessors only, they were valid and sufficient. (Laws of 1859, chap. 302, p. 683; *Downing* v. *Rugar*, 21 Wend. 182; *Coleman* v. *Shattuck*, 5 T. & C. 34, 40, 41; 62 N. Y. 348, 360; *People ex rel. Henry* v. *Nostrand*, 46 id. 375, 383; *People* v. *Mayor, etc., of Syracuse*, 63 id. 291, 293; *People* v. *Palmer*, 52 id. 83; *Attorney-General* v. *Davy*, 2 Atkyns, 21.) Three assessors have power to act alone where there is an unfilled vacancy in the board caused by the death or resignation or removal of the fourth. (1 Edm. 321, § 34; Laws 1851, chap. 176, § 8; *Gildersleeve* v. *Board of Education*, 17 Abb. Pr. 201–211.) This is equally true with respect to the board of revision. (Laws 1873, chap. 335, § 89; *Downing* v. *Rugar*, 21 Wend. 178; *Sargent* v. *Webster*, 13 Metc. 497; *Lane* v. *Brainerd*, 30 Conn. 565; *Doughty* v. *Hope*, 3 Den. 598.) The expense of surveyor's fees was properly included in the assessment. (*Matter of Babcock*, 23 How. 119; *Matter of Tappan*, 54 Barb. 225; *Matter of Eager*, 46 N. Y. 100.)

*James A. Deering* for respondent. The work was not contracted for and let to the lowest bidder as required by the city charter and ordinances, because the items of rock excavation, foundation plank and sewer pipe were not submitted to competition, but a price arbitrarily fixed therefor by the commissioner of public works. (Laws of 1873, chap. 335, § 91; Revised Ordinances, chap. 8; Laws of 1865, chap. 381; *Matter of Mahan*, Ct. of App., April, 1880; *Matter of Manhattan Sav. Institution*, Sept. 1880; *Curtis* v. *Leavitt*, 15 N. Y. 247; *Brady* v. *The Mayor*, 20 id. 312; *State* v. *Patterson*, 36 U. S. L., 7 Vroom, 159; Chap. 187 of the Laws of 1849, §§ 15, 21, 22; Chap. 383 of the Laws of 1849; The Revised Ordinances of the Common Council, 1859, arts. 5, 6, § 42; Laws of 1870, chap. 137, § 104; Laws of 1873, chap. 335; *People ex rel. Dinsmore* v. *Croton Bd.*, 6 Abb. Pr. 58; *People ex rel. Cum-*

*mings* v. *Croton Aq. Board*, 26 Barb. 240; *Smith* v. *The Mayor*, 10 N. Y. 508; *Green* v. *The Mayor*, 60 id. 303; *Matter of Em. Ind. Bk.*, 75 id. 388; *Appleby* v. *The Mayor*, 15 How. Pr. 428; *Bonesteel* v. *The Mayor*, 22 N. Y. 162; *Ellis* v. *The Mayor*, 1 Daly, ; *Matter of Newton*, 57 How. Pr. 500.) A usage which is a plain violation of law can hardly be claimed to be the proper guide for the interpretation of statutes. ( *Van Loon* v. *Lyons*, 61 N. Y. 22–25; *Fellows* v. *Mayor*, 24 Sup. Ct. 249.) The fact that it would be difficult and expensive to obtain an accurate estimate of the amount of rock to be excavated before inviting proposals would not constitute a legal excuse for a failure to submit the rock excavation to competition. (*Smith* v. *Buffalo*, 1 Sheld. 493; *Brady* v. *The Mayor*, 20 N. Y. 312; *Matter of Eager*, 46 id. 100.) The option reserved by the commissioner of public works to increase or diminish the amount of work in the specifications or contract is fatal to the validity of the contract and the assessment. ( *Wells* v. *Burnham*, 20 Wis. 112; *Kneeland* v. *Furlong*, id. 437.) The three assessors who made up the assessment and advertised it as complete and open for inspection did not constitute the board of assessors. (Laws of 1859, chap. 302; *People* v. *Nostram*, 46 N. Y. 375; *Doughty* v. *Hope*, 3 Den. 598; *Matter of Palmer*, 31 How. Pr. 42.) The action of the board of revision and correction of assessment lists, in confirming the assessment-list, did not cure or obviate this error. (*Doughty* v. *Hope*, 3 Den. 598; *Hassan* v. *Rochester*, 67 N. Y. 528; *Chapman* v. *Brooklyn*, 40 id. 372. The notice given by them of the completion of the list did not conform to the statute (Chap. 171, Laws of 1841). (Blackwell on Tax Titles, 118, 223; *Adriance* v. *McCafferty*, 2 Robt. 153.) The assessment was not legally confirmed. The action of the comptroller and corporation counsel, assuming to act as a board of revision and correction, was without authority of law. ( *Matter of Tappan*, MS.; *Palmer's Case*, 1 Abb. N. S. 30.) It is a substantial error that there was included with the cost of the work the sum of $6,747 for surveyor's fees. (*Matter of Roberts*, Sup. Ct., Gen. T., March, 1880.) The errors above specified in

the proceedings relative to the assessments are substantially within the act of 1874 (chap. 312), for which the assessment should be vacated entirely. (*Matter of Mahan*, Ct. of App., 1880; *Matter of Manhattan Sav. Inst.*, Ct. of App., Sept. 1880, MS.; *Matter of Prot. Ep. P. School*, 75 N. Y. 324; *Matter of Emigrant Ind. Sav. Bk.*, id. 388; *Matter of Second Ave. M. Church*, 66 id. 395; *Matter of Cram*, 69 id. 452; *Matter of Hebrew Asylum*, 70 id. 476; *Matter of Rhinelander*, 68 id. 105; *Matter of Walter*, Ct. of Appeals, 75 id. 354; *Matter of Cheseborough*, 78 id. 232.)

MILLER, J.   The principal objection urged against the validity of the assessment, which is the subject of review upon this appeal, is that the work was not contracted for and let to the lowest bidder as required by the charter and the ordinances of the common council of the city of New York — that is, that the items of rock excavation, foundation plank and sewer pipe were not submitted to competition, but a price was arbitrarily fixed therefor by the commissioner of public works. The charter of the city requires that contracts for work or supplies, except as provided, shall be made under such regulations as exist or shall be established by ordinances of the common council, and shall be founded on sealed proposals and given to the lowest bidder. (Session Laws of 1873, chap. 335, § 91.) The ordinance (chap. 8, art. 2) requires " that supplies and work shall be furnished by contract; that no contract shall be made until proposals are advertised for," and that they " shall state the quantity and quality of the supplies or the nature and extent, as near as possible, of the work required " (§§ 15, 16, 17, tit. 2). The items which are the subject of complaint were rock excavations, which constituted a large portion of the work to be done, and the foundation plank, for each of which a price was fixed, and the sewer pipe, which it was required should be purchased and received of the commissioner of public works at prices stated.

The statute and ordinance passed in pursuance of the same were intended to establish a system by which work done for

and supplies furnished to the city should be the subject of competition and allotted to the lowest bidder for the same, and a substantial compliance with these requirements is essential to carry into effect the object of these regulations, which evidently were adopted to prevent a wasteful expenditure of the public money and to promote economy as well as practical convenience in the administration of the financial affairs of the city. The statute does not provide specifically as to the terms of the contract, and the ordinance only for quality and quantity as near as can reasonably be furnished. The appellant's counsel claims that all that is required is that the entire work as a unit should be submitted to competition, and when this is done in good faith the effect of stating in the proposal certain prices for certain items is not to destroy competition even as to them, but simply to transfer it to such items which are directly submitted to competition, and it is urged that such has been the uniform practice for many years and that in this case especially it would be exceedingly difficult to ascertain beforehand the quantity of rock excavation, which constitutes the largest item in the contract, so as to make an estimate sufficiently correct to carry out the purpose of letting the contract to the lowest bidder. These suggestions are not without force, and while there is strong ground for claiming that when the price fixed for one or more items is fair and reasonable and there is no evidence of fraud or extravagance, and the quantity could not be ascertained without a considerable expenditure of money, and that this could be done in some instances consistently with the interests of the public in view, and with the statute and ordinances we are, upon the whole, of the opinion that, to carry out the intention of the law to award contracts to the lowest bidder, it is requisite that the quantity of rock excavation, as near as possible, should be stated in the proposals, and that fixing the price for the same was in disregard of the law and a violation of the statute and the ordinance of the city which is cited. The question presented is not a new one and has been the subject of consideration in some of the decisions of this court of a very recent date.

*In the Matter of the Emigrant and Industrial Savings Bank* (75 N. Y. 388), an ordinance of the common council, adopted by a three-fourths vote for improving a street, directed that the work be done in such a manner as the commissioner of public works may deem expedient and for the best interests of the city and property-holders, and the work was done by day's work, without contract, it was held that the commissioner had no authority to cause the same to be done by day's work, as the improvement fell within the prohibition of section 91 of the charter of 1873, and the assessment was invalid. This decision sustains the general principle that all work where there is an aggregate expenditure of over $1,000, with the exceptions provided for, must be awarded to the lowest bidder after advertisement, and does not directly involve the question whether a price can be fixed for any portion of the same.

*In the Matter of Mahan\** the distinct point was taken that the requirements of the statutes and ordinances were not complied with as the work included rock excavation for which a price was arbitrarily fixed by the commissioner of public works that was not submitted to public competition. The assessment was vacated by the Supreme Court upon this ground and this decision was affirmed in this court after a distinct presentation of the point, no opinion being written.

*In the Matter of the Manhattan Savings Institution†* decided September 21, 1880, the same question arose, and on appeal to this court we were asked to reconsider the case of Mahan upon the ground that the attention of the court had not been called to the case of *The People ex rel. Williams* v. *Dayton* (55 N. Y. 367). The decision of the Supreme Court was affirmed, the opinion citing the *Mahan Case* and holding that it must govern.

The principle decided in *Dayton's Case*, to wit, that the practical construction given to a statute by the legislature is entitled to a controlling weight in its interpretation, was also considered, and it was decided that it had no application where the construction was given by the party whose duty it was to

---

\* 81 N. Y. 621.                    † 82 N. Y. 142.

obey the law. If these decisions are to stand they are decisive upon the question discussed and must be regarded as conclusive.

It is urged by the appellant's counsel that the *Mahan Case* was decided upon the authority of *Brady* v. *Mayor, etc., of New York* (20 N. Y. 312), and the *Manhattan Savings Institution* on the authority of the *Mahan Case*, and we are asked to reverse those recent decisions as not resting on sufficient authority and as not founded upon any sound principle. It is true that in the *Mahan Case*, the learned judge. who wrote the opinion in the Supreme Court cites *Brady* v. *The Mayor* as an authority, but the decision was not put upon the latter case in the Supreme Court, nor was this the case upon the decision of the appeal in this court. If these adjudications depended upon the case of *Brady* v. *The Mayor*, they could not be upheld, as that case was not disposed of upon any such ground, as is clear by the later cases.. There, bids were invited for grading and paving a street upon an estimate of the amount of work and materials required. This estimate did not include any rock excavation, although bids for such excavation, if any should be needed, were called for. The plaintiff bid $25 a yard for rock excavation, which constituted most of the work actually performed, and this was manifestly extravagant and far beyond its real value. The contract was awarded to the plaintiff as the lowest bidder upon the other items without regard to the price bid for this item, and yet this price was inserted in the contract. As no quantity was named of rock excavation it could not be and was not considered in comparing plaintiff's bid with the other bids, and thus this part was entirely withdrawn from competition and the lowest bidder could not and was not ascertained, as there was in fact no lowest bidder for the whole work. Here no bid was requested for rock excavation, the price being fixed. The case cited, therefore, is not analogous. We are thus brought to the conclusion that *Brady* v. *The Mayor* is not an authority for the decision of the later cases which have been cited, and that they rest upon the ground

that the price fixed for rock excavation being fixed by the commissioner and being a material and important part of the work, it was withheld from competition in violation of the statute and the ordinance cited.  It is not shown in this case that the price named was not a fair one or that any injury was inflicted upon the lot-owners by the naming of such price, but with the views entertained and which have been herein expressed the conclusion arrived at is that the intention of the law-makers was to enforce a submission of every important item for competition, naming the quantity so far as it could be reasonably ascertained.  *In the Matter of The New York Protestant Episcopal School* (75 N. Y. 327), some remarks were made by CHURCH, Ch. J., which evidently tend in a direction adverse to the views expressed and are relied upon by the appellant's counsel.  As, however, the distinct point now considered did not arise in that case, they are not sufficient to overrule the recent decisions of this court which have been examined.  In view of the authorities which have been considered, we are of the opinion that the question discussed must be considered as *res adjudicata.*

While there was error in establishing a price for rock excavation in accordance with the foregoing views, we think it furnishes no ground for vacating the whole assessment, and a case is presented for a deduction of the objectionable item under the act of 1870 (chap. 383, § 27), which provided that " If upon the hearing of proceedings brought pursuant to the act known as chapter 338 of the Laws of 1858, entitled ' An act in relation to frauds in assessments for local improvements in the city of New York,' passed April 17, 1858, it shall appear that the alleged fraud or irregularity has been committed the assessment shall be vacated or modified as hereinafter provided.  If upon such hearing it shall appear that by reason of any alleged irregularity the expense of any local improvement has been unlawfully increased, the judge may order that such assessment upon the lands of said aggrieved party be modified by deducting therefrom such sum as is in the same proportion to such assessments as is the whole amount of such

unlawful increase to the whole amount of the expense of such local improvement." The section cited recognizes the doctrine that some part of an assessment may be sustained where irregularity or invalidity appears as to others, and when it can be ascertained, the portion which is sound and just may be upheld as unaffected by that which is invalid. It was intended, no doubt, to prevent assessments from being set aside for slight and trivial causes or mere irregularities or technical defects alone, and, while a deduction is authorized, it should only be to such an extent as is just and equitable, leaving the property benefited to bear the burden of that which was legal and valid and relieving it from the remainder. (*In re Mead*, 74 N. Y. 216.) A deduction of the amount to be paid for such excavation would do ample justice and subserve the objects of the law.

The right to make such deduction has been repeatedly recognized in the decisions of this court, and in numerous cases assessments have been reduced or a rehearing ordered, as the facts warranted. We do not deem it necessary to examine the authorities in detail on the subject, and a reference to them will disclose the application of the rule stated. (*In re Lord*, 78 N. Y. 109; *In re Schell*, 76 id. 432; *In re Walter*, 75 id. 354; *In re N. Y. P. E. Public School*, id. 324; *In re Hebrew B. O. Asylum*, 70 id. 476; *In re Cram*, 69 id. 460.) The act of 1870 (*supra*), allowing the modification of assessments instead of vacating them entirely has not been repealed by chapter 312 of the Laws of 1874, and the former act has been repeatedly recognized in some, if not all, of the cases last cited, and it has been regarded and assumed to be in full force.

In regard to the provision in the contract as to the purchase of sewer and culvert pipe from the city at specified prices, we think it was not liable to any valid objection. In carrying out a general system of sewerage in a large city it is very evident that the material of this kind of property should be of a uniform character, and, so long as it is purchased at a public bidding at reasonable prices and by contract, there can be no valid ground of complaint because the city furnished the

same at its own price.   Such a system could not but operate advantageously to the city at large and the lot-owners and there was neither impropriety nor illegality in providing for the same as was done in this regard in contracts made for work. Such a provision requiring the contractor to take certain materials of the city is also sanctioned by law.   (Laws of 1866, chap. 551, p. 1193.)

The objection that the expense of surveyors' fees was improperly included in the assessments is not stated in the petition and therefore is not now available.   It is also, we think, without merit as no public work could be done properly without the aid of surveyors or engineers, and the expenses incurred for such services should be assessed upon the property which is to be affected and benefited thereby.   (*In re Eager*, 46 N. Y. 100; *In re Tappan*, 54 Barb. 225.)   The method of ascertaining the amount is not shown to have been unjust or unfair and we are unable to determine from the record that any wrong has been done thereby to any of the lot-owners or the public.

Some other objections are urged to the validity of the assessment which demand consideration.   The reservation by the commissioner of the right to increase or diminish the gross length of the sewers, culverts and drains, the number of basins or piles, or the amount of foundation plank or any other item did not impair the validity of the contract.   It did not withdraw any part of the work from competition or violate any municipal ordinance, and it is not apparent how it could materially affect the bidding for the work.   But even if it can be supposed that such was the case, the advantage to be derived from the reservation would far exceed any injury which might have accrued. While, if done fraudulently, it might vitiate the contract, no reason exists why it should produce any such effect when inserted in good faith and no injury is apparent.   The statute does not prohibit it, and therefore it is not to be assumed without proof that the commissioner did an act injurious to the city.   If he did, or was actuated by a corrupt motive, it might

seriously affect the contract, even if he had a right to insert such a provision. It may also be remarked that in the construction of works of this description it frequently becomes necessary to make changes from the original plan which cannot be anticipated, and the reservation is a prudent exercise of care and vigilance under the circumstances of the case. The cases cited by the respondents' counsel from the Supreme Court of Wisconsin are not directly in point or controlling.

It is also insisted that it was unlawful to assess the entire cost of the work upon the adjacent property; that only one-half of the expense was assessable under section 8 of chapter 565 of the Laws of 1865, and that it was impossible to ascertain, from the engineer's return of the entire work, the precise cost of all the work. The act referred to appears to relate to the laying out of streets and not to the construction of sewers. (See §§ 1, 2, 3, 4 and 8.) But without regard to any other consideration, it is a sufficient answer to the objection that if more than half of the cost was unlawfully assessed it should have been proved, and it is not to be presumed without evidence to establish such a fact. The burden of proof is on the petitioner to show that the assessment exceeded one-half of the expense, and the city was not bound to show that it did not. (*In re Hebrew Benevolent Society*, 70 N. Y. 479.)

The point made that the three assessors who made up the assessment and published notice thereof did not constitute a complete board of assessors is not established as a matter of fact. The onus of establishing a substantial error devolves upon the party making the objection, and the petitioner must prove his allegations by affirmative evidence. (*In re Anderson*, 60 N. Y. 457; *In re Hebrew Ben. Society*, *supra*; *Astor v. The Mayor*, 62 N. Y. 576.) The proof here did not show positively that all four of the assessors were not present at a meeting when the notice was signed or that the fourth one did not have notice of such a meeting. The act of the three was valid if the vacancy occasioned by the death of one of them had remained unfilled when the assessment was made. If the vacancy had not been filled, then the remaining assessors, who

were a majority, had express power to act. (Session Laws of 1859, chap. 302, § 16; *People ex rel. Howlett* v. *Mayor of Syracuse*, 63 N. Y. 291; *Colman* v. *Shattuck*, 62 id. 360.) The principle is well settled that where a body of officers are vested with authority to discharge public functions, death, absence, or the disability of one of them does not deprive the remainder of the power, provided there is left a sufficient number to confer together. (*Gildersleeve* v. *Board of Education*, 17 Abb. Pr. 206–211.)

We discover no objection to the form of the notice given by the assessors, and no such point was made in the petition.

The objection that the assessment was not legally confirmed is also without merit. A majority of the board of revision had authority to act by virtue of chapter 335, section 89, of the Laws of 1873. The same rule applies as to notice in the board of revision as it does with respect to the board of assessors. There was no proof that the recorder was not notified, and the proof of his absence did not establish that fact, as it is not distinctly shown that he was away at the time when the assessments were acted upon.

The learned counsel for the appellant insists that if any defect exists in the assessment it falls within the enumeration contained in the seventh section of chapter 580 of the Laws of 1872, as well as within the same section as amended by chapter 313 of the Laws of 1874, and therefore cannot be urged as a ground for vacating the assessment in this proceeding.

As we have arrived at the conclusion that, in accordance with the prior decisions of this court, the omission to submit the item of rock excavation to competition was an error of a substantial character, it is not required to discuss at length the effect of the various provisions of the statutes referred to. It is sufficient to remark that the acts cited have been the subject of consideration, and the interpretation placed upon them, we think, should be followed. It has been held that they were not intended to sanction or cure a total failure to comply with a mandatory law or ordinance, or a direct violation of its most important provisions. (*Matter of Em. Ind. Sav.*

*Bank,* 75 N. Y. 388; *Matter of P. Epis. Pub. School,* id. 329.) According to the decisions last cited, the defect provided for is a "substantial error" within the meaning of the law, and, whatever criticisms might be indulged were the question an original one, we think that it must be regarded as *res adjudi-cata.* It may also be remarked that by chapter 554 of the Laws of 1880, "An act relating to certain assessments for local improvements in the city of New York," an ample remedy is provided for reviewing such proceedings and obtaining redress where any substantial error has been committed or substantial injustice has been done; and while this court will administer the law in such cases with a due regard to the rights of the parties and in accordance with well-settled principles, as another tribunal has full jurisdiction, appeals of this character should not be encouraged.

In view of the conclusion arrived at the order of the Special and of the General Terms must be affirmed as to the sewer pipe, and reversed as to the other items, and a new hearing ordered to ascertain the amount of deduction to be made as to such items, without costs to either party upon the appeal to this court.

All concur, except RAPALLO, J., absent; FOLGER. Ch. J.; ANDREWS and EARL, JJ., concur in result.

Ordered accordingly.