IN THE MATTER OF THE PETITION OF LYDIA A. STEPHENS TO VACATE ASSESSMENT, ETC.

IN THE MATTER OF THE PETITION OF THADDEUS B. WAKEMAN TO VACATE ASSESSMENT, ETC.

*Assessment — when the irregularity affects all the items of the work, it cannot be affirmed in part and set aside in part.*

When an assessment is invalid by reason of the fact that the work was not let by contract, as required by the statute, but was done by day's work, the court cannot determine from the testimony of witnesses the difference between the costs of the respective modes of doing the work, and modify the assessment by affirming it to an amount equal to what it would have cost under a contract, and reversing it as to the residue.

APPEAL from orders made at a Special Term vacating assessments for regulating, grading, etc., One Hundred and Sixteenth street, from Avenue A to Sixth avenue, in the city of New York.

*J. A. Beall*, for the City of New York, appellant.

*A. Wakeman*, for the petitioners, respondents.

DAVIS, P. J. :

The question of the validity of the assessment brought under review by these appeals has been finally determined by the court of last resort in the Matter of the Petition of Edward Lange to vacate an assessment for the same work. The court held in that case that no valid assessment could be imposed upon the property of the petitioner, because the work was not let by contract, but done by day's work, in violation of the statute. It is manifest that the irregularity for which the assessment was vacated in the case of Lange is one that affected the entire work, for no portion of it was let by contract, nor did it appear that any of the materials furnished in and for the construction of the work was obtained under contracts authorized for that purpose. In this case it was shown by the petitioners at Special Term, in order to establish their alleged grievance, that the work could have been done by contract at a much lower cost than it was done by day's work, and the several witnesses gave estimates of the amount of its cost if done by contract. It is now urged that this court, under various of its own decisions, and under decisions of the Court of Appeals in assessment cases can ascertain from the estimates given by such witnesses, the difference between the costs of the respective modes of doing the work, and modify the assessment by affirming it as to the cost under contract as thus ascertained, and reversing it as to the residue only. But none of the cases have gone the length to hold that where the alleged irregularity affects the entire work in all its items, the court can adopt any such course to uphold a portion of the assessment. The cases referred to are those in which some portions of the work were done in conformity to law, but other portions, either of work or materials furnished, had not been conformed to the requirements of the statute. In those cases it is easy to separate the regular por-

tion of the assessment from that which is clearly irregular, and in such cases the courts have reduced the assessment as required by such separation.

*In the Matter of the Petition of Benjamin W. Merriam* (84 N. Y., 596) it was held that certain items of work to be done had not been submitted to competition, and for that reason the assessment as to them was held to be invalid. No such state of facts exists in the present case, for no portion of the work was offered or let by contract, as required by the law, and although we should be very glad, if in our power, to ascertain what the work done by the city in this case would fairly have cost if done by contract, and uphold the assessment to that extent for the purpose of protecting the taxpayers of the city, yet we are unable to see any sound principle upon which we can justify that course.

The result is that the orders of the court below must be affirmed, but, under the circumstances, without costs.

BRADY and DANIELS, JJ., concurred.

Orders affirmed, without costs.