In the Matter of the Petition of JOHN LOWDEN to Vacate an Assessment.

The scheme of sewer improvements in the city of New York contemplates that the whole expense should be borne by the property benefited.

Engineers' and surveyors' fees are properly included in an assessment for such an improvement, as an item of the expenses, and although the mode of ascertaining may not give the exact cost of this item, if it approximates thereto and the charge does not appear to be in excess of the sum

properly chargeable to the work, it is not a tenable objection to the assessment.

Nor is it a valid objection that the engineers by whom the work was done were already in the employ of the city, under a salary which had been paid.

When, therefore, an assessment for such a work included an item for engineers' and surveyors' fees, which was made under the supervision of the chief engineer of the bureau of sewers, and was arrived at by taking such percentage of the work, compared with the whole amount of similar work relating to the sewerage of the city done during the year, as would remunerate the city for the moneys paid for engineers' expenses; *held*, that in the absence of evidence that the share imposed upon the petitioner was enhanced, or that this item of expense could be arrived at in a way better or more just to him and the public it was properly included.

The statutes in relation to assessments for such improvements provide for sufficient notice and hearing to persons affected by an assessment to meet the constitutional requirements.

Where the published notice required objections to an assessment to be presented to the " board of assessors," instead of to the chairman of that board as prescribed in the act of 1841 (§ 1, chap. 171, Laws of 1841), *held*, that the variance was immaterial, as the objections, if any were made, were for the board, not for its chairman alone, to consider.

*In re Lowden* (25 Hun, 434), modified.

(Argued June 13, 1882; decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made October 28, 1881, which affirmed an order of Special Term denying a motion to vacate an assessment upon certain lots of the petitioner in the city of New York, for the First avenue sewer, but reducing the assessment by deducting a proportionate share of an item for surveyor's fees, included in said assessment. (Mem. of decision below, 25 Hun, 434.)

The grounds of objection, and the facts pertaining thereto, are stated in the opinion.

*Moody B. Smith* for appellant. An assessment is in the nature of a judgment. (*Mayor* v. *Colgate*, 12 N. Y. 140.) Chapter 171, Laws of 1841, chapter 308 of the Laws of 1861, and chapter 580 of the Laws of 1872, are unconstitutional and void,

so far as they make no provision for notifying the owners of property affected by the assessment of the time and place of the meetings of the board of assessors, or the board of revision and correction of assessments. (Cooley on Taxation, 266; *Seifert* v. *Brooks*, 34 Wis. 443 ; *Jordan* v. *Hyatt*, 3 Barb. 275 ; *Elmendorf* v. *Harris*, 23 Wend. 628.) An assessment is a judicial proceeding, and cannot be laid without a trial or hearing provided by law. (Cooley on Taxation, 40, note, 550, 551; Blackwell on Tax Titles, 26 ; *Western R. R. Co.* v. *Nolan*, 48 N. Y. 514; *Stewart* v. *Palmer*, 74 id. 183, 190; *Davidson* v. *Bd. of Admrs. of New Orleans*, 6 Otto, 97; *Ireland* v. *City of Rochester*, 51 Barb. 414; *In re Ford*, 6 Lans. 92; Cooley on Constitutional Limitations, 355 ; 68 N. Y. 97 ; Blackwell on Tax Titles, 26 ; Cooley on Taxation, 265, 266 ; *Stewart* v. *Palmer*, 74 N. Y. 183, 189, 191; *People, ex rel. Witherbee*, v. *Supvrs.*, 70 id. 234; *In re N. Y. El. R. R. Co.*, id. 327, 357; *Werner* v. *Bunbury*, 30 Mich. 201, 213 ; *Harris* v. *Wood*, 6 Monr. 642, 643 ; *Nashville* v. *Weiser*, 54 Ill. 245 ; *Seifert* v. *Brooks*, 34 Wis. 443 ; *Willard* v. *Witherby*, 4 N. H. 118.) This assessment is also invalid for the reason that the notice to present objections in writing given to parties affected by the assessment does not comply with the statute. (Laws of 1841, chap. 171, § 1; *Adriance* v. *McCafferty*, 2 Robt. 153; *In re Cameron*, 50 N. Y. 503 ; *Commrs. of Pilots* v. *Vanderbilt*, 31 id. 265.) It is illegal to assess the cost of surveying and engineering of a public work where such surveying and engineering were performed by the city engineer, and his assistants, who are officers of the city, and are paid a fixed salary. (*Longworth* v. *Cincinnati*, 34 Ohio St. 101.)

*J. A. Beall* for respondent. A tax or assessment may be laid without first affording the party assessed a hearing in the judicial sense of that term. (Laws of 1691, chap. 18 ; 1 Van Schaack's Laws, 8; 1 Livingston and Smith, 8 ; Bradford, 12 ; 4 N. Y. 438; Laws of 1787, chap. 88; 1 Greenleaf's Laws, 441 ; chap. 129, Laws of 1801, §§ 11, 12; 2 K. & R. 126 ; chap. 86, 2 R. L. 1813, § 175 ; chap. 49, Laws of 1824;

chap. 326, Laws of 1840, § 2; chap. 171, Laws of 1841, § 1; chap. 302, Laws of 1859, §§ 15, 16, 17, 18, 19; chap. 308, Laws of 1861, § 1; chap. 580, Laws of 1872, § 6; chap. 335, Laws of 1873, § 111; chap. 381, Laws of 1865, § 6; chap. 338, Laws of 1858; chap. 383, Laws of 1870, § 27; chap. 312, Laws of 1874, § 1; *People* v. *Mayor of Brooklyn*, 4 N. Y. 419, 438; *Murray's Lessee* v. *Hoboken Land & Imp. Co.*, 18 How. [U. S.], 272, 276, 277; *Taylor* v. *Porter*, 4 Hill, 140; *Harris* v. *Wood*, 6 Monr. 642–643; *McMillen* v. *Anderson*, 95 U. S. 34–41, 42; *Weimer* v. *Bunbury*, 30 Mich. 201–211; *Davidson* v. *New Orleans*, 96 U. S. 105; *Stuart* v. *Palmer*, 74 N. Y. 183–204; *Matter of Trustees N. Y. P. E. Public School*, 31 id. 574, 583–584; Cooley on Taxation, 33, 39; *Hardenburgh* v. *Kip*, 10 Cal. 402; Burroughs on Taxation, § 145, pp. 463–4; *Weimer* v. *Bunbury*, 30 Mich. 201, 210, 213; *Willard* v. *Witherbee*, 4 N. H. 118–127; *Comm.* v. *Runk*, 26 Penn. St. 235; 80 N. Y. 565.) The law does, in fact, provide an opportunity for the persons affected by the assessment to be heard before its confirmation, and the notice to present objections required by the law was given. (Chap. 326, Laws of 1840, § 2; chap. 171, Laws of 1841; chap. 335, Laws of 1873, § 111; chap. 580, Laws of 1872, § 6.) The notice of hearing prescribed by the statute is sufficient. (*Tracy* v. *Corse*, 58 N. Y. 151–2; *Happy* v. *Mosher*, 48 id. 317; *Campbell* v. *Evans*, 45 id. 356; *In re DePeyster*, 80 id. 565; *Owners of Ground* v. *Albany*, 15 Wend. 375–6; *Taylor* v. *Porter*, 4 Hill, 147; *In re Empire City*, 18 N. Y. 215; *In re N. Y. El. R. R. Co.*, 70 id. 357; *Stuart* v. *Palmer*, 74 id. 183.) The charge for surveyors' fees is properly included in the assessment list. (Chap. 381, Laws of 1865, §§ 9, 10, 11, as amended by chap. 551, Laws of 1866, § 1; *In re Eager*, 46 N. Y. 100; *In re Merriam*, 84 id. 596; *In re Pelton*, 85 id. 651; *In re Bassford*, 50 id. 509; *In re Roberts*, 81 id. 62–68; *In re Hebrew Asylum*, 70 id. 476.)

Danforth, J. Lowden, by his petition to the Supreme Court, showed that he was the owner of certain lots affected

by an assessment laid June 5, 1879, for the construction of a sewer in First avenue in the city of New York, and complained that it was irregular for the following among other reasons:

*First.* Because it included an item for surveyors' and engineers' fees, " whereas," he says, " no such amount was incurred or expended by the department of public works or its predecessors, which could properly be chargeable to said assessment." *Second.* Because no legal trial or hearing is provided by law or was had by the parties assessed, whereby they could contest the validity of said assessment before it was confirmed, before a tribunal authorized to try such issue,'' and asked that the assessment be vacated.

Upon the hearing it appeared that the whole assessment amounted to $141,252.28, and included an item of $9,078 for surveyors' fees. It appeared from the evidence that this item was made up under the supervision of the chief engineer of the bureau of sewers, and included all the engineer's expenses incidental to the construction of the sewer. He was unable to state the separate items, but said the sum was arrived at by taking such percentage of the work, compared with the whole amount of similar work relating to sewerage of the city done during the year, as would remunerate the city for the moneys advanced for engineers' expenses, making of maps, plans and surveys. It covered the surveys necessary to complete the general plan of the district, a detailed survey of the streets and avenues through which sewers were to be built, a plan of the work referred to in the contract, " staking out the work for the construction of the sewer, giving necessary grades, comparing the sewer when built with the grades given for its construction, preparation of the contract, measurements for monthly payments to the contractor, and the final and conclusive survey of the whole sewer. Other items are given in great detail, and in the opinion of the witness the proportion charged to the land of the petitioner was a fair charge for services of this nature performed on the work in question.

The engineers were employed at a certain fixed salary, which had already been paid from moneys advanced from the finance

department in view of collecting the amount from the property. It also appeared that on the 15th of April, 1879, a notice dated that day was given by publication in the " City Record " of the assessment in question, and thereby all persons were directed " to present their objections in writing to the board of assessment at their office, No. 114 White street, within thirty days from its date, and that on the 15th day of May the list would be transmitted to the board of revision and correction of assessments, for confirmation. The petitioner neither filed objections nor appeared before the board of revision and correction.

The court at Special Term denied the order asked for, but directed the assessment, so far as it related to the petitioner, to be reduced by deducting a proportionate part of surveyors' fees. From different portions of this order the petitioner and the mayor, etc., of New York city severally appealed to the General Term. The order was in all its parts affirmed, and both parties appeal to this court, the mayor, etc., from the whole order, and the petitioner from that part relating to the refusal of the Special Term to vacate the assessment.

*First.* We think so much of the appeal in behalf of the city as relates to the disallowance of surveyors' fees is well taken. The petitioner does not object that the assessment may not properly include surveyors' fees. In view of the suggestion of this court in *Matter of Merriam* (84 N. Y. 596), and its decision in *Matter of Pelton* (85 id. 651), such objection would be of no use; but he objects that it does not appear that the sum named " was expended for that purpose." It is not apparent that there is any other prescribed method of arriving at the amount of these assessments. Indeed it appears from the evidence that there is no other mode. A comparison of the case in hand with *Matter of Pelton* shows that upon this point the cases are alike. We there held, upon evidence quite like that now before us, "that although the mode of ascertaining these expenses may not produce the exact cost of this item of work," yet as it approximates thereto, and the charge did not appear to be in ex-

cess of the sum properly chargeable to the work, the objection was not tenable.

Nor does it appear, in the case before us, that the share imposed upon the petitioner was exaggerated, or that under the system of public improvement imposed by law upon the property owner in the city of New York, it could be admeasured in any better way, or one more just to him or the public. The fact that the engineers by whom the work was done were already in the employ of the city is relied upon by the petitioner to distinguish this case from *Matter of Pelton*. It might be inferred from the evidence that the same fact appeared there, but, however that may be, the scheme of sewer improvements contemplates that the whole expense should be borne by the property benefited, and no part of it by the city. (*In re Eager*, 46 N. Y. 100.) And whether the service is rendered by an engineer employed for the special work, by the department in charge of it, or by one employed by the city generally, can in nowise affect the burden imposed upon the lot-owner.

I have not overlooked the case of *Cincinnati & S. R. R. Co.* v. *Longworth* (30 Ohio St. 108), cited by the petitioner. It involved the construction of a municipal regulation, but whether it is the same as the one before us does not appear. However that may in fact be, the practice approved in *Matter of Pelton* and *Merriam* (*supra*) seems to have been generally followed under the statutes regulating local improvements in the city of New York, and it may properly be upheld.

Upon the petitioner's appeal, the point chiefly argued by him is that the statute in regard to assessments gave no opportunity to the property owner to be heard with reference to its imposition. In substance, that his property was liable to be taken without *due process of law*. But this question has been so frequently decided in a manner unfavorable to his contention that it would be idle to enter upon its discussion. (*People, ex rel. Griffin*, v. *Mayor of Brooklyn*, 4 N. Y. 419; *People, ex rel. Crowell*, v. *Lawrence*, 41 id. 137; *In re Van Antwerp*, 56 id. 261; *Stuart* v. *Palmer*, 74 id. 183; 30 Am. Rep. 289.)

Notice, as we have seen, was given by publication, and that

is sufficient if it conformed to the statute. The same question was before this court recently in reviewing proceedings similar to those now before us. We then held that the notice prescribed by the statutes now referred to gave sufficient opportunity and time to be heard. (*In re De Peyster*, 80 N. Y. 565.) But the appellant (the petitioner) insists that the notice referred to is not the notice required by statute. To us it seems otherwise. The Laws of 1841 (Chap. 171, § 1) provide for such a notice as was given, and whether the chairman of the board or the board itself is named can make no difference. In either case the objections, if any were made in answer to the notice, were for the board and not for the chairman alone to consider.

It follows that so much of the order of the Special and General Terms as disallows surveyors' fees should be reversed, the residue of the order affirmed, and the motion to vacate the assessment denied, without costs to either party in this court.

All concur, except TRACY, J., absent.

Ordered accordingly.