VAN BRUNT, P. J., and BRADY, J., concurred.

Exceptions of defendant overruled, and the exceptions of the plaintiff sustained and a new trial granted, with costs to plaintiff to abide event.

---

IN THE MATTER OF THE PETITION OF A. S. ROSENBAUM TO
VACATE AN ASSESSMENT FOR PAVING FIFTY-EIGHTH STREET,
FROM SIXTH AVENUE TO NINTH AVENUE, WITH STAFFORD
PAVEMENT.

*Assessment — charge for laying cross-walks done without advertising for bids, illegal.*

In a proceeding to vacate and set aside or reduce an assessment for paving Fifty-eighth street, in the city of New York, the petitioner contended that he was entitled to a reduction of the assessment because it included a charge of more than $1,000 for laying new cross-walks, the contract for laying which was made and the work done without inviting bids or proposals therefor by public notice duly advertised as required by law.

*Held,* that the assessment was illegal so far as the charge for laying the cross-walks was concerned; that the order denying the application should be reversed and the assessment should be reduced accordingly.

APPEAL from an order made at a Special Term held in the county of New York on June 1, 1888, as modified by an order entered in the office of the clerk of the city and county of New York on June 11, 1888, and denying a motion to reduce an assessment.

*Elliot Sandford,* for the petitioner, appellant.

*G. L. Sterling* and *A. E. Henschel,* for the Mayor, etc., of New York, respondents.

BARTLETT, J. :

This is a proceeding to vacate and set aside or reduce an assessment for paving Fifty-eighth street, in the city of New York. The petitioner contends that he is entitled to a reduction of the assessment because it included a charge of more than $1,000 for laying

new cross-walks, and the contract for laying the same was made and the work was done without inviting bids or proposals therefor by public notice duly advertised as required by law.

As to the fact that the contract for cross-walks was awarded without any advertisement, there appears to be no doubt. But the same fact appeared in the *Matter of the Petition of Voorhis* (5 T. & C., 345), in which the General Term of this department, in 1875, sustained the validity of the assessment now in question, as against another petitioner. Upon the strength of that decision, which was subsequently affirmed in the Court of Appeals without any opinion (62 N. Y., 637), the judge who heard the present case at Special Term denied the application of the petitioner, holding that the principle of *stare decisis* applied.

In two subsequent cases, however, the Court of Appeals has held that it is a substantial error to withhold from competition a portion of the work for which an assessment is imposed. (*Matter of Mahan*, 20 Hun, 301; affirmed, without opinion, in 81 N. Y., 621; *Matter of Merriam*, 84 id., 596.) These decisions, I think, must be regarded as overruling the effect of the affirmance in the *Matter of Voorhis* (*supra*), if the facts of that case cannot be distinguished from those in the case at bar. But, certainly, one difference does exist. There it did not appear that the work upon the cross-walks could not have been performed for less than the price actually paid. Here it is expressly proven that on the very day when the contract for laying the cross-walks included in this assessment was given out, other contracts for laying cross-walks were made by the department of public works at a lower price. It seems probable that some such distinction as this must have led to the affirmance of the Voorhis case in the Court of Appeals, as otherwise it is extremely difficult to detect any difference in principle between that case and the *Matter of Eager* (46 N. Y., 100), where an assessment was held to be invalid because there had been no proper advertisement for proposals for laying cross-walks and bridge stones.

The counsel for the respondents argue that chapter 313 of the Laws of 1874, passed since the decision of the Eager case, prohibits a reduction on account of the illegality of which the petitioner complains. But the Court of Appeals has held that this statute " was not intended to sanction or cure a total failure to com-

ply with a mandatory law or ordinance or a direct violation of its most important provisions." (*Matter of Merriam*, 84 N. Y., 596, 609.)

I think the assessment was illegal so far as the charge for laying cross-walks is concerned. The order of the Special Term should, therefore, be reversed, with costs, and the assessment upon the lots of the petitioner should be reduced accordingly.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, with costs, and the assessment upon lots of petitioner, so far as charge for laying cross-walks is concerned, reduced accordingly.