PEOPLE ex rel. STOW et al. v. COMMON COUNCIL OF CITY OF KINGSTON.

(Supreme Court, Appellate Division, Third Department. March 14, 1899.)

1. MUNICIPALITIES—IMPROVEMENTS—ASSESSMENTS—CITY ENGINEER'S SALARY.
    Under Laws 1896, c. 747, § 151, providing that all special-assessment improvements shall be by contract let to the lowest bidder, and paid for from the funds raised therefor, the expenses of such improvements may be made to include the cost of the city engineer's and his assistants' services in overseeing the work, notwithstanding their salaries are provided for by the city charter.

2. Same—Objections—Appeal.
     A person whose objection to a special assessment was fully heard can-
not complain that the council confirmed the assessment before the.
expiration of the time allowed for objections.

Certiorari by the people, on the relation of Daniel B. Stow and
others, against the common council of the city of Kingston, to re-
view a confirmation of special assessments.   Determination con-
firmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

G. R. Adams, for relators.
John W. Searing, for defendant.

LANDON, J.   The relators seek by this writ of certiorari to re-
view the determination of the common council of the city of King-
ston in confirming special assessments upon their property,—one for-
the expense of grading and top-dressing Jarrold street, in the city
of Kingston, and the other for constructing a sewer in said street.
They duly appeared before the assessor, and made objections in writ-
ing to the assessment, as the city charter permits, and also before-
the common council, and in like manner made objections to the con-
firmation thereof.   Their objections were overruled, and the assess-
ments confirmed.

The special assessments for grading and top-dressing and for the-
sewer were for 75 per cent. of the following items:

| | |
|---|---:|
| E. M. Haines, contract for street | $1,275 00 |
| W. Klingberg, engineering | 190 00 |
| P. Kilfoyle, inspector | 163 00 |
| Total cost of street | $1,628 00 |

| | |
|---|---:|
| E. M. Haines, contract for the sewer | $470 00 |
| W. Klingberg, engineering expenses | 50 00 |
| P. Kilfoyle, inspector | 77 50 |
| Total cost of sewer | $597 50 |

The charter of the city (Laws 1896, c. 747, § 147) authorizes the com-
mon council to cause such work to be done "at the expense in whole or
in part of the property fronting thereon;" and to "determine what
part, if any, not exceeding twenty-five per centum of the expense-
thereof, shall be paid by general tax upon the city, and what part of
such expense   *   *   *   shall be paid by special assessment on the
property fronting on such improvement."   In this case the common
council determined that 25 per cent. of such cost should be paid by-
general tax, and the remainder by special assessment.   Section 151
of the act provides that "all improvements to be paid for by special
assessment shall be by contract let to the lowest responsible bidder,
and shall be paid for only from the funds raised, levied and collected,
for such improvement."   It appears from the return that W. Kling-
berg was the city engineer, and that the sums of $190 and $50 in-
cluded in the cost of the improvements were the moneys paid to.
him and his assistants for salary and wages during the time he and.

they were engaged in the engineering work necessary for the improvements, and that the sums, $163 and $77.50, included therein for P. Kilfoyle, inspector, were the moneys paid him for inspecting the work, and that all said sums were paid from funds raised by general tax. Section 38 of the charter provides that the city engineer "shall receive a salary of twelve hundred dollars per annum, payable monthly." The same section requires him to do all the engineering work necessary for such improvements, and to superintend the construction of sewers and the grading of streets, and he may appoint such assistants as the common council authorizes. We assume that the employment of Kilfoyle as inspector was made pursuant to this power.

The argument against including the items for engineering and inspection is based upon the provisions of the charter above cited, and is to the effect that the engineer is a salaried officer of the city, charged with the duty of this engineering and inspection, and therefore the charge for these services is not properly a part of the cost of this work, and that his salary, of which the relators contribute their share in the general tax, would have been the same if this work had not been done; that the provision that "all improvements to be paid for by special assessment shall be by contract let to the lowest responsible bidder" excludes special assessments for other than such contract charges. The argument seems cogent, but the language of the last-quoted provision does not in terms exclude from the assessment the cost of the improvement beyond its contract price. The cost of engineering and inspection cannot properly be included in the contract with the contractor. Section 147 of the charter provides that the assessor "shall make a just and equitable assessment of the costs and expenses of the improvement as audited by the common council against the owners and occupants of the lands deemed to be benefited." This includes the contract price and other necessary expenses. The weight of authority justifies the inclusion of these items. The fact that the city engineer's duties largely consist in rendering such services seems to justify including in the cost of the improvement such proportion of his salary, and of his assistants' whom he is authorized to appoint, as the time spent in rendering them bears to the whole time for which they are paid. In re Tappan, 54 Barb. 225; In re Eager, 46 N. Y. 100; In re Merriam, 84 N. Y. 596; In re Pelton, 85 N. Y. 651; In re Lowden, 89 N. Y. 548; In re Johnson's Petition, 103 N. Y. 260, 8 N. E. 399.

The relators also object that the assessment was confirmed by the common council before the expiration of the time allowed to property owners to make their objections. It is not clear that this is true in fact. As we have stated above, the relators were fully heard, and therefore have no grievance upon this account.

The determination of the common council is confirmed, with $50 costs and disbursements. All concur.