IN THE MATTER OF THE PETITION OF ISABELLA GARVEY TO
VACATE AN ASSESSMENT.

Under the provisions of the New York charter for 1873 (§ 115, chap. 335,
Laws of 1873, as amended by § 22, chap. 757, Laws of 1873), declaring
that no street which has been on:e paved, and the expense thereof paid
by assessment by the adjoining owners, shall thereafter be paved at their
expense, or an assessment imposed therefor, unless petitioned for by a
majority of such owners, where the city has once determined the char-
acter and extent of the flagging of a side-walk, and has assessed and
collected the expense of the owners, it has no farther jurisdiction over
the flagging of that side-walk until a petition is presented as so pre-
scribed.

Where, therefore, a side-walk twelve feet wide was, in pursuance of an
ordinance, " graded, curbed, guttered and flagged," the flagging being
a strip four feet wide in the center of the side-walk, held, that a new
ordinance covering said side-walk, directing that " curb and gutter stones
be set and reset and the side-walk be flagged and reflagged, where not
already done," which was not so petitioned for was illegal; and that an
assessment upon the owners to pay the expenses of the improvement
was void.

(Argued June 10, 1879 ; decided June 17, 1879.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, affirming an order of
Special Term vacating an assessment upon certain lots of the
petitioner, fronting on the west side of Madison avenue, in the
city of New York.

The facts appear sufficiently in the opinion.

*Francis L. Stetson*, for appellant. As to the flagging laid
upon the portions of the side-walk not previously covered,
this is not a case of " repavement " as contemplated by the
statutes. (Rev. Ord., 1859, 237; *Rhinelander* v. *Mayor*, 24
How., 304; *Matter of Lewis*, 35 id., 162; *Hammett* v. *Phila.*,
65 Penn. St.. 155; *Matter of Burmeister*, 56 How., 426; *In
re Willetts*, 70 N. Y., 490; *In re Belmont*, 12 Hun, 564.)

*P. A. Hargous*, for respondent. This assessment being
for a repavement is within the exception of chapter 313,

Laws of 1874. (*In re Burmeister* [Ct. Apps. MSS.], 56 How. Pr.; *In re Phillips*, 60 N. Y., 16.)

DANFORTH, J.   In 1869 that portion of Madison avenue described in the petition was " graded, curbed, guttered and flagged " in pursuance of an ordinance and the petitioner paid therefor.   The side-walk is twelve feet wide and the improvement then made consisted of a single strip of flagging four feet wide running through the center of the side-walk.   The ordinance now in question provides that on the same premises " curb and gutter stones be set and reset and the side-walks be flagged and reflagged where not already done."   This ordinance was not petitioned for as required in certain cases by section 115 of Laws of 1873, chapter 335, as amended by section 22 of chapter 757, Laws of 1873. I think the case before us falls within the statute.   A side-walk furnished with a stone-way four feet in width may properly be said to be flagged although the whole surface is not covered.   It was one mode of improvement and furnished a convenient and sufficient way for travel.   The statute last referred to permits the owner to judge of the necessity or expediency of a new, or better, or different improvement and unless it applies to a case like the present the city may pave one-third of the walk at one time, one-third at another, and afterwards the rest.   This would be contrary to the plain reading and obvious purpose of the statute.   The city having once determined the character and extent of the pavement and laid it, can have no farther jurisdiction over the flagging or pavement of that side-walk until a petition has been presented therefor " by a majority of the owners of the property on the line of the proposed improvement." (*Statute of* 1873 [*supra*].)

The order should be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Order affirmed.