In the Matter of the Petition of CATHARINE A. GRUBE to Vacate an Assessment.

Where the sidewalks of a street have once been paved, this does not make the pavement of the carriageway, where no pavement has ever been laid, a " repavement," within the meaning of the act of 1875 (chap. 476, Laws of 1874), providing a uniform system for the repavement of streets in the city of New York.

The fact, therefore, that the sidewalks of a street have been paved and the expense assessed upon the property owners, does not invalidate an assessment upon the property owners for paving the street.

*In re Phillips* (60 N. Y. 16); *In re Burke* (62 id. 224); *In re Burmeister* (76 id. 164); *In re Garvey* (77 id. 523), distinguished. *In re Grube* (20 Hun, 303), reversed.

(Argued April 6, 1880; decided June 1, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of General Term which denied a motion to vacate an assessment upon certain lots of the petitioner in the city of New York for paving One Hundredth street in that city. (Reported below, 20 Hun, 303.)

The assessment in question was for paving the street with Belgian pavement; the work was completed in August, 1877, and the assessment was confirmed in December, 1877. One ground of objection to the assessment was that it was for a repavement of the street, and that under the act chapter 476, Laws of 1875, the costs should be borne by a general assessment.

It appeared that there had been a prior assessment imposed upon the lots for regulating, grading, curbing, guttering and for flagging the sidewalks.

*Francis Lynde Stetson* for appellant. The assessment herein cannot be invalidated except upon affirmative proof that it is in fact for a repavement and that the former assessment has been paid. (Revised Ordinances, 1859, p. 237; Laws 1858, ch. 338; *Rhinelander* v. *Mayor, etc.*, 24 How. 304; *In re Lewis*, 35 id. 162.)

*James A. Deering* for respondent. The assessment which the petitioner moves to vacate is for a repavement of the street. Either of these constituted a pavement. (*In re Garvey*, MSS., Ct. of App., June, 1879; *In re Phillips*, 60 N. Y. 16; *In re Burmeister*, 76 id. 174; *In re Burke*, 62 id. 224.) The assessment is void for the reason that the repavement was not petitioned for by a majority of the owners of the property who were also owners of a majority of the front feet on the street. (§ 22, ch. 757, Laws of 1873, amending § 15, ch. 335, Laws of

1873; *People* v. *Brooklyn*, 71 N. Y. 495; *In re Sharpe*, 56 id. 257; *In re Banta*, 60 id. 165.)

Rapallo, J.  *In the Matter of Phillips* (60 N. Y. 16), this court held that flagging was a species of pavement, and that consequently a second flagging of a sidewalk, where it had previously been flagged, was a repavement.  That if the sidewalk had once been paved with bricks, or in. any other manner, a relaying of the same surface with flat stones would be a repavement.  That the difference of material could not change the general identity of the work as embraced in the generic term. *In the Matter of Burke* (62 N. Y. 224), it was held that the laying of a crosswalk with flat stones was a pavement, and that consequently relaying a crosswalk where one had previously been laid was a repavement.  *In the Matter of Burmeister* (76 N. Y 174), the same ruling was repeated, and it was held that the exception contained in the act of 1872, in regard to repavements of streets, applied to the reflagging of sidewalks which had once been flagged; that the street included the sidewalks as well as the carriageway, and that the legislature intended that all parts of the street, and every description of pavement, should be embraced in the exception, and that it was not intended to be confined to the repavement of the carriageway.

There is certainly nothing in any of these decisions which sanctions the idea that where the sidewalks of a street have once been paved, the pavement of the carriageway for the first time is to be treated as a repavement.  But the later case of *Re Garvey*, decided June, 1879 (77 N. Y. 523), is relied upon as sustaining that view.  That case arose under section 22 of chapter 757 of the Laws of 1873, which provided that no street which had once been paved and the expense thereof paid for by adjacent owners by assessment, should be thereafter paved at their expense, unless upon petition of a majority of the owners, etc.  A sidewalk which had once been paved with flagging, covering, however, only one-third of the width of the sidewalk, was afterward directed to be "flagged and reflagged

where not already done." The original pavement had been paid for by assessment. It was held that that sidewalk had once been paved within the meaning of the act. That the city, having once determined the character and extent of the pavement and laid it, had, under the act of 1873, no further jurisdiction to flag or pave that sidewalk at the expense of the property owners, without a petition as prescribed by the act. The remarks of the court are strictly confined to the sidewalk which was paved, and cannot fairly be construed as meaning that by once having paved the sidewalk the city had precluded itself, even under the act of 1873, from paving the carriageway if no pavement had ever been laid there. The present case arises under a different act, viz.: the act of 1875, chapter 476, section 1, which provides that in case any street shall have been once paved and the expense assessed upon property owners, the cost of repaving it shall be paid by a general assessment on all taxable property in the city. It cannot be pretended that the pavement of the carriageway of a street, where no pavement has ever been laid, is a repavement, because the sidewalks have previously been paved, and it is difficult to conceive how any such doctrine could be deduced from the cases cited. The case of Garvey does not even hold that where a sidewalk has been paved part of its width, the subsequent pavement of those parts where no pavement has ever been laid is a repavement. There was no question of repavement in the Garvey case. The word "repavement" does not occur in the act of 1873, section 22, which is the act under which the Garvey case arose. What is held in the Garvey case is that by the original pavement of the sidewalk and assessment therefor, notwithstanding that the pavement did not cover the entire width of the sidewalk, the city had, under the terms of the act of 1873, exhausted its power to pave that sidewalk at the expense of the property owners, without the required petition, and that is all that it decides.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur; MILLER, J., concurring in result.

Ordered accordingly.