In the Matter of the Petition of WARREN BRADY to Vacate
an Assessment.

In proceedings to vacate an assessment for a local improvement the burden
of proof is on the petitioner; every presumption is in favor of the
validity of the assessment.

To constitute a prior pavement within the meaning of the provisions of the
acts of 1870, 1872 and 1874 (Chap. 383, Laws of 1870; chap. 580, Laws of
1872; chap. 313, Laws of 1874), in relation to local improvements in the
city of New York, where the assessment in question is for paving the
traveled part or carriage way of the street, there must have been a sub-
stantial pavement of that portion of the street; although a street has
been curbed, guttered, and a narrow strip on each side laid with cobble
stones for the purpose of binding and protecting the gutter-stones, and
although the sidewalks have been flagged and crosswalks laid, this is
not a prior pavement.

(Argued April 19, 1881; decided May 10, 1881.)

APPEAL from order of the General Term of the Superior
Court of the city of New York, made November 8, 1880,
affirming an order of Special Term which denied an applica-
tion to vacate an assessment, upon certain lots owned by the
petitioner, for paving Fifth avenue, from One Hundred and
Twenty-fourth to One Hundred and Thirtieth street, with
Hamer wood pavement.

The objections raised to the assessment and the facts perti-
nent thereto are sufficiently stated in the opinion.

*James A. Deering* for appellant. The work for which the
assessment was laid was a repavement, and it was, therefore,
void. (*In re Burmeister*, MS., 76 N. Y. 174; *In re Garvey*,
MS., Ct. of App. 1879; *In re Phillips*, 60 N. Y. 16; *In re
Burke*, 62 id. 224; Dillon on Mun. Corp., §§ 636, 637, note;
Laws of 1870, chap. 383, § 14.)

*Wm. C. Whitney* for respondent. It was absolutely essen-
tial to the petitioner's case that he should show that the assess-
ment was laid for the repaving of a portion of the avenue
which had been previously paved at the expense of the prop-

erty-owners, by assessment, and that the prior assessment upon the petitioner's property was paid. (Revised Laws of 1813, chap. 86, § 175; Laws of 1870, chap. 383, § 14; Laws of 1873, chap. 757, § 22; *In re Lewis*, 35 How. Pr. 162; *Willard* v. *Presbury*, 14 Wall. [U. S.] 676; *Municipality* v. *Dunn*, 10 La. Ann. 57; Laws of 1872, chap. 580, § 7, amended by chap. 313, p. 367, Laws of 1874; *In re Mayer*, 50 N. Y. 504; *In re Second Ave. M. E. Church*, 66 N. Y. 395; *In re Willett*, 70 id. 499; *In re Serrell*, 9 Hun, 233.)

MILLER, J.   A number of objections are urged to the validity of the assessment, which is the subject of review upon this appeal, and none of them, we think, are available.

The point made, that the ordinance and resolution authorizing the work were not published, as required by law, is answered by the fact that there is no proof that the proceedings of the common council in reference to the improvement and assessment therefor were not published.   The evidence on this subject fails to show, affirmatively, that such was the case, and hence the allegation is not sustained.   The onus of proof is on the petitioner, and every presumption is in favor of the validity of the assessment until the contrary is made to appear. (*In re Bassford*, 50 N. Y. 509.)   There was a failure of proof that the designation of newspapers was not made, and to show that the designation of 1868 was not communicated to the common council.   Nor was it shown that there was, in fact, no publication in the papers named in the paper of December 1, 1868.   Nor does a failure to publish affect the validity of the assessment, unless laid for a repavement.   (Chap. 313, Laws of 1874.)

The objection, that notice of the levy and completion of the assessment was not given by the assessors, is not well taken. The objection relates to the designation of newspapers, which has been considered in the consideration of the preceding point.   But, if it existed at all, it is obviated by chapter 313, Laws of 1874, already cited.   Besides, the secretary of the board of assessors testifies that it was advertised.   The

authorities cited by the petitioner's counsel relate to cases where the title was dependent on sales of real estate for taxes and assessments, and have no application here.

It is also insisted that the assessment is for repaving, and that the legal steps were not taken for such a purpose. This is really the only substantial question involved in the appeal, and, we think, is without any merit. It is claimed that the testimony showed that Fifth avenue had previously been paved, and the expense thereof, or a greater portion, was paid by assessment upon the adjoining property. The allegation of prior pavement is sought to be established by showing that the work had been done on different occasions upon some portions of the avenue above One Hundred and Twenty-fourth street. These were, first, by the regulating and setting curb and gutter between One Hundred and Twenty-fifth and One Hundred and Thirtieth streets, and paving with cobble-stones six feet on each side of the carriageway, in 1837; second, by the setting of curb and gutter-stones and flagging the sidewalks between Mount Morris square at One Hundred and Twenty-fourth and One Hundred and Twenty-fifth streets, for which an assessment was confirmed October 3, 1865; third, by laying stone crosswalks at the intersection of One Hundred and Twenty-seventh street and Fifth avenue, April 27, 1861. As to the first of these improvements, it was not a pavement of the street, and, as was conceded, was done to bind and protect the gutter-stones and to keep them from being washed out. Nor was it designated in any way as paving, but as grading and setting of curb-stones. But these cobble-stones were laid only in one block, and that was not the block in which the petitioner's lots were situated; nor were they assessed for it. It is, therefore, clear that, as to this, it was not a pavement for which the petitioner had been previously assessed. As to the setting of the curb and gutter-stones and flagging the sidewalk and the laying of the stone crosswalks, the former of which only included three blocks, and the latter the walk across one block, neither singly nor otherwise did they constitute a prior pavement within the provisions of the acts of 1870,

1872 or 1874. These acts intended a substantial pavement of the street, and not the improvements which were made. The case of *In re Garvey* (77 N. Y. 523), which is relied upon, does not hold that any of the improvements mentioned, or any of a similar character, constituted a pavement within the meaning of the law. Nor do any of the authorities cited by the petitioner's counsel sustain that view. It may also be remarked that it does not appear that any part of the expense of laying the cobble-stones was imposed upon petitioner's lots, or that any assessment was laid upon them for any of the prior improvements, except for the grading and setting of curb and gutter-stones in 1837.

The assessment was not illegal because levied for a wooden pavement, and although the revised ordinances of the city provide for the paving with sufficient paving-stone, this was repealed or modified by another ordinance, which provided for this improvement.

There is no force in the position that the work was not authorized by the resolution and ordinance providing for the pavement of the avenue, and there is no such discrepancy between the ordinance and the proposal and contract as constitutes a substantial error and authorizes a reversal of the proceedings.

The allegation that the work for which the assessment is laid was not contracted for as required by the city charter upon sealed bids and proposals and with the lowest bidder is not sustained. If the wooden pavement and crosswalks were not let separately, it was at most an irregularity, for which the legislature has provided the assessment shall not be vacated. (Chap. 313, Laws of 1874.) *In re Eager* (46 N. Y. 100) does not conflict with this view.

The eighth and ninth allegations of error assigned by the petition relate to matters which occurred subsequent to the confirmation, and do not affect what has been completed, or show any substantial error in laying the assessment which is available in a proceeding of this kind. At most the allega-

tions relate to the omissions of an officer to perform a duty imposed, which is covered by chapter 313 of the Laws of 1874.

The order should be affirmed.

All concur.

Order affirmed.