In the Matter of the Petition of WILLIAM T. BLODGETT AND Others to Vacate an Assessment, etc.

*Constitution, art. 3, sec. 16 — When the title of an act sufficiently expresses its subjects — 1870, chap. 593 — Assessment — objection to the width of the flagging — awarding of contract to the lowest bidder.*

Chapter 593 of 1870, entitled "An act in relation to regulating and grading the Eighth avenue in the city of New York," after providing for the regulating and grading of that avenue, confers upon the commissioner of public works power to change the grade between the Eighth and Ninth avenues, of any streets intersecting Eighth avenue between Fifty-ninth and One Hundred and Twenty-second streets, in such manner as will best make such grade conform to the grade of Eighth avenue.

*Held,* that the subject of changing the grades of the intersecting streets was sufficiently expressed in the title of the act to satisfy the requirements of section 16 of article 3 of the Constitution.

The specifications and contract, upon which bids were invited and made, provided that, " in case the grade should be changed in Eighty-second street, or the adjoining streets, during the progress of the work, the contractor is to conform to the altered grade at the prices established, so far as they are applicable."

*Held,* that the insertion of this clause did not violate the law requiring the contract to be let to the lowest bidder.

An owner of property in New York city, assessed for flagging the sidewalk in front of his lot, cannot have the assessment therefor vacated because the flagging of the sidewalk was laid only four, instead of twelve, feet in width.

Appeal from an order of the Special Term vacating an assessment.

The petitioners claimed that the street was not worked upon the legal grade; that the sidewalks were not of the width provided by law; that the advertisement for proposals and the contract, contained provisions for doing work for which no estimate of quantities was made.

*J. A. Beall,* for the city of New York, appellant.

*C. E. Miller,* for the petitioners, respondents.

Davis, P. J.:

The principal question arising in this case is whether the provision of the act of 1870 (chap. 593), under which the grade of

Eighty-second street was changed to conform to the new grade of Eighth avenue authorized by that act, is constitutional. This question depends wholly upon another, which is, whether the authority to change such grade is sufficiently expressed in the title of the act to satisfy the requirements of section 16 of article 3 of the Constitution of the State. That section is as follows:

"No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

The title of the act (chap. 593 of the Laws of 1870) is "An act in relation to regulating and grading the Eighth avenue in the city of New York." The first section of the act, after providing for the regulating and grading of Eighth avenue in a certain manner, further provides that the commissioner of public works shall have power to change the grade, between the Eighth and Ninth avenues, of any streets intersecting Eighth avenue, between Fifty-ninth and One Hundred and Twenty-second streets, in such manner as will best make such grade conform to the grade of Eighth avenue.

It is quite apparent that the grade of the Eighth avenue would necessarily to some extent affect the grade of the intersecting streets and require changes to be made to make those streets practicable or convenient for public use in connection with the avenue. Provisions having that object in view would be necessary incidents to a statute authorizing a change of the grade of the avenue, for nothing can be more plain than the fact that in so far as the grade of the avenue is raised or lowered the grade of the intersecting streets would, as a necessary incident to that work, have to be raised or lowered.

The provision of the Constitution above quoted has been the subject of frequent judicial construction. In the *People ex rel. the City of Rochester* v. *Briggs* (50 N. Y., 553), it was held that every presumption is in favor of the validity of legislative acts; and they are to be upheld unless there is a substantial departure from the organic law; and that in order to comply with the provision of the Constitution now under consideration, it is not requisite that the most expressive title be adopted, nor will the court criticise too rigidly the details of a bill to find extraneous matter. The degree of particularity with which the title of an act is to

express its subject rests in the discretion of the legislature; and where the title of a local or private act expresses a general purpose or object, all matters fairly or reasonably connected with it, and all measures which will or may facilitate its accomplishment, are proper to be incorporated in the act, and are germane to the title. The rules of construction thus laid down seem to us very clearly to dispose of the question in this case. An act in relation to the regulating and grading of an avenue in the city, if it authorizes the change of grade so as to affect intersecting streets, does embrace a general purpose or object, and the change of the grade of the intersecting streets so as to conform them to the avenue is a matter fairly and reasonably connected with the subject, and the steps necessary to be taken to make such streets so conform are all measures which will facilitate the accomplishment of the general purpose, and are, therefore, properly incorporated in the act, because they are germane to the title. The principle of the *People ex rel. City of Rochester* v. *Briggs* was applied to a similar local act *In the Matter of Mayer* (50 N. Y., 504), in which it was said by the court that "a subject is that of which anything may be affirmed or predicated, and if the various parts of this act have respect to or relate to local improvements, the act is not obnoxious to the constitutional objection interposed, and the degree of relationship, if it legitimately tends to the accomplishment of the general purpose, is not material. The general subject of local improvements includes their plan and construction not only, but the means by which the work is accomplished, and the proceedings necessary to be adopted for these purposes, for assessing and paying the expenses incurred, as well as the remedies to parties for redress of grievances growing out of their construction."

The same principle of construction has been enunciated in numerous other cases. (*In re Van Antwerp*, 56 N. Y., 261; *Neuendorff* v. *Duryea*, 69 id., 557; *In re Metropolitan Gas Co.*, 85 id., 526; *Gloversville* v. *Howell*, 70 id., 287; *Harris* v. *People*, 59 id., 599; *People* v. *Banks*, 67 id., 568; *In re One Hundred and Thirty-eighth Street*, 86 id., 437.)

In the last cited case, it was held that the title, "An act to map and lay out," was sufficient to embrace provisions for the opening of streets. It may justly be said that the title of the act under

consideration, to wit, " An act in relation to regulating and grading Eighth avenue, in the city of New York," does sufficiently express the conforming of intersecting streets to the change of grade; because one of the first ideas that would occur to every mind upon reading the title would be the necessity of such conformity; for it is manifest that the Eighth avenue could not be regulated and graded to be of substantial public use, unless the streets crossing it were also brought into useful connection with the new grade. It is supposed by the counsel for the respondent that the Court of Appeals *In re Sackett Street* (74 N. Y., 95) have adopted a different rule of construction. That case, in our judgment, decides nothing in conflict with the authorities above cited, or the views we have expressed. The title of the act in that case was to " widen portions of Sackett, Douglass and President streets; and otherwise to alter the commissioners' map of the city of Brooklyn," and the provision held unconstitutional was not one which authorized the conforming of other and intersecting streets to the plan of the streets named in the title, but which authorized the commissioner to narrow Degraw and Union streets, which were parallel and not intersecting, *and to limit the manner in which the property fronting on those streets should be improved and used.* Those were subjects of legislation, not only not expressed in the title, but not so connected with the expressed subjects as to be incidental thereto or necessary to be performed, in order to carry out the subject expressed; and it is very obvious from the case itself, that the court had no intention to overrule or change the rules of construction laid down in the several cases above cited. We are of opinion, therefore, that the constitutional objection urged in this case cannot be maintained.

Another objection to the validity of the assessment is based upon the fact that the flagging of the sidewalks was not laid twelve feet in width, but only four. The only provision of law for laying flagging full width is contained in section 1 of chapter 383 of the Laws of 1870, and that seems to have been repealed by section 119 of chapter 335 of the Laws of 1873. It is the well-known usage of the city to lay the sidewalk but four feet in width in front of unoccupied lots, and the owners of lots are of course assessed only for the cost of flagging that width. It may be that under the

decision *In re Garvey* (77 N. Y., 523), the owner of a lot so assessed would not be required to pay for the remaining eight feet if afterward laid by the city. But he is not aggrieved within the meaning of the statute, because less work of that character is done and assessed than might have been done if the commissioners had thought it advisable. At any rate, the only effect upon the assessment, if the laying of the sidewalk but four feet wide was unauthorized, would be to require the deduction of such proportion of the assessment as is represented by the cost of laying the flagging. But we think there is no sound ground for vacating the assessment at all, because of the narrowness of the sidewalk. *In the Matter of Garvey* (77 N. Y., 523) the sidewalk was twelve feet wide, and the improvement made consisted of a single strip of flagging four feet wide, running through the center of the sidewalk. The court said : " A sidewalk furnished with a stone-way four feet in width may properly be said to be flagged, although the whole surface is not covered. It was one mode of improvement, and furnished a convenient and sufficient way for travel." And that case held that the city having once determined the character and extent of the pavement and laid it, can have no further jurisdiction over the flagging or pavement of that sidewalk until a petition has been presented therefor " by a majority of the owners of the property upon the line of the proposed improvement." This case substantially settles, therefore, that the flagging of a sidewalk four feet wide is a legitimate improvement, and when once made and paid for, the jurisdiction of the city to flag the walk is exhausted until it is restored and set in motion by the petition of a majority of the owners of the property on the line of the proposed improvement, asking that the whole width of the sidewalk be flagged. It fully disposes, we think, of the objection raised to the validity of the assessment, based upon the fact that the sidewalk was not wholly covered by the flagging, and what further effect it may be supposed to have it is not necessary to inquire.

Another point is made, based upon the fact that the advertisement for bids for doing the work stated that the bids were to be founded on the specifications and form of contract then open for examination at the office of the commissioner of public works. The specifications and form of contract, and the contract actually

awarded — under which the work was done — contained the following clause : " In case the grade should be changed in Eighty-second street, or the adjoining streets, during the progress of the work, the contractor is to conform to the altered grade at the prices established, so far as they are applicable."

It is insisted that under this clause of the specifications and bidding for work there is not such a letting of the work as is required by the statute and the ordinances of the city. We think there is no force in this objection. The language of the advertisement and of the specifications put all bidders upon an equal footing, and all had an opportunity to bid with perfect understanding that whenever the grade of an intersecting street is to be changed to conform to the grade of the Eighth avenue, the work was to be done at the same prices as those paid for the same kind of work on the avenue. The bids, therefore, embraced that work and fixed the price at which it was to be done as plainly and explicitly as the statute and ordinances require under such circumstances. It would, in our judgment, be a most eccentric application of the law to hold that the work in this case done in intersecting streets was not done under contract let to the lowest bidder.

The order of the Special Term vacating and setting aside the assessment should therefore be reversed, and the prayer of the petitioner denied, with ten dollars costs and disbursements.

The same questions arise in the matter of the petition of the Mutual Life Insurance Company to vacate an assessment for regulating, grading, etc., Seventh-sixth street and Eighth avenue to the Riverside drive.*

The order in that case must also be reversed and the petition denied, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order reversed, petition denied, with ten dollars costs and disbursements.

* See *post*, p.22.