## SUPREME COURT.

In the Matter of the Petition of MATTHIAS B. SMITH, to vacate assessment for laying an additional course of flagging on Eightieth street, from Fifth to Madison avenues.

*Assessment and taxation — When court precluded from vacating assessment in city of New York —Laws of 1880, chapter 550, section 12 — Consolidation Act, section 903.*

If the ordinance for the pavement of a street is passed without authority of law, the execution of the work can be prevented by appropriate application to the court. A party not having availed himself of his legal rights in that respect is precluded by section 903 of the Consolidation Act from asking to have the assessment vacated.

Where there is nothing by which the court can determine the extent to which an assessment has been increased by reason of fraud or substantial error; under section 903 of the Consolidation Act it can neither vacate nor reduce an assessment.

*Special Term, April,* 1884.

LAWRENCE, *J.*— I cannot distinguish this case from that of *Isabella Garvey* (77 *N. Y.*, 523), but under the act, chapter 550 of the Laws of 1880, it would seem that the court is precluded from vacating the assessment; nor can I reduce the amount, because there is nothing by which I can determine the extent to which the assessment has been increased by reason of the fraud or substantial error (*See decision of court of appeals in Matter of Mead*, 74 *N. Y.*, 216).

After reargument, I still adhere to the opinion that I cannot vacate this assessment. Section 875 of the Consolidation

Act is taken from section 115 of the charter of 1873. Section 903 of said act is substantially taken from section 12, chapter 550 of the Laws of 1880. If there is any inconsistency between the two provisions, the latter section must prevail, and I agree with the counsel to the corporation that there is not necessarily any inconsistency between the two sections. If the ordinance for the pavement in question was passed without authority of law, the execution of the work could have been prevented by appropriate application to the court. Not having availed himself of his legal rights in that respect, I think the petitioner is precluded by section 903 from asking to have the assessment vacated. The language of that section is extremely explicit. "No court shall vacate or reduce any assessment, in fact or apparent, confirmed after June 9, 1880, whether void or voidable, on any property for any local improvement hereafter completed, otherwise than to reduce any such assessment to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents by reason of fraud or substantial error; and in no event shall that proportion of any such assessment which is equivalent to the fair value of any actual local improvement, with interest from the date of confirmation, be disturbed for any cause." As I said in my previous memorandum (see *Register*, *March* 10, 1884), there is nothing by which I can determine the extent to which the assessment has been increased by reason of the fraud or substantial error. Therefore, under section 903, I can neither vacate nor reduce the assessment. If the petitioner is right this is an apparent assessment, and a void assessment; and the section aforesaid, where the assessment is laid after June 9, 1880, only authorizes a reduction in such cases to the extent that the assessment has been increased in dollars and cents by reason of fraud or substantial error. Motion for a reargument denied, with costs.

NOTE. — Affirmed by general term, November, 1884, on foregoing opinion, no opinion being written by general term.—[ED.