(27 Misc. Rep. 218.)

CITY OF NEW YORK v. BROWN.

(Supreme Court, Appellate Term. April 21, 1899.)

1. CITIES—SIDEWALKS—WHEN FLAGGED.
     A sidewalk is "flagged," within a penal ordinance requiring the removal of snow from sidewalks except on streets in certain wards which have not been flagged, where it is covered with bluestone four feet in width, providing an adequate way for pedestrians, though the whole surface of the sidewalk is not covered.

2. JUDGMENTS—RES JUDICATA.
     A former judgment cannot be proven to be res judicata, by introducing the summons and answer therein and stating the complaint was dismissed on the merits, but it is necessary that the judgment roll be introduced, or its absence accounted for, and that it be shown by "legal" evidence that there was a dismissal on the merits.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by the city of New York against Augustus C. Brown. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Augustus C. Brown, for appellant.
Adrian T. Kiernan, for respondent.

LEVENTRITT, J. This action was brought to recover a penalty from the defendant for a violation of section 690 of the revised ordi-

nances of the mayor, aldermen, and commonalty of the city of New York. The violation consisted in the failure to remove snow and ice, within the time prescribed by the ordinance, from the sidewalk and gutter in front of certain unimproved property owned by the defendant, and located at the northwesterly corner of 7th avenue and 147th street, in the Twelfth ward of the borough of Manhattan. The ordinance in question is as follows:

"Every owner, lessee, tenant, occupant or person having charge of any building or lot of ground in the city of New York, shall, within eight hours after the fall of any snow, and within eight hours after the forming of any ice on the sidewalk or in the gutter in front of any such building, or lot, remove, or cause the same to be removed, from such sidewalk or gutter, under the penalty of three dollars for every such neglect, to be paid by the said owner, lessee, tenant, occupant or person having charge, severally and respectively; but where such snow falls or ice forms between the hours of eight o'clock in the evening and five o'clock in the morning, this ordinance will be complied with by removing, or causing the same to be removed, before nine o'clock of the morning succeeding its fall or formation. The provisions of this section shall not apply to streets or avenues in the Twelfth, Twenty-Third and Twenty-Fourth wards, which have not been curbed, guttered and flagged, nor to the streets and avenues not opened according to law and the title thereto vested in the corporation of the city of New York."

The defendant, admitting his failure to remove the snow, resists liability on the ground that the premises being situate in the Twelfth ward, and the avenue in front of them not being guttered or flagged, the exception in the ordinance applies, and hence that it is not incumbent on him to remove snow and ice. It will be observed that the provisions of the ordinance do not apply to streets or avenues in the Twelfth ward "which have not been curbed, guttered and flagged," and the plaintiff must, therefore, show that the conditions upon which the penalty attached clearly existed. Board v. Vanderbilt, 31 N. Y. 265. It must establish the concurrence of three physical facts in order to charge the defendant with a violation. It must show that 7th avenue at 147th street was curbed and guttered and flagged. The absence of any one of these three prerequisites would be fatal to the enforcement of the penalty.

It is admitted that the avenue was curbed; the evidence clearly shows that it was guttered; and it is conceded that the entire width of the sidewalk was not covered with bluestone, but that there was a line of flagging four feet wide down its center. Whether that street was, as a matter of fact, flagged, is the question presented for our determination. That question must be answered in the affirmative. The corporation of the city of New York has plenary power over the making, repairing, improving, and paving the streets of the city. That power was conferred by the Dongan charter, confirmed by the Montgomerie charter, and still exists. Moore v. Mayor, etc., 73 N. Y. 238. Flagging being a species of pavement (In re Phillips, 60 N. Y. 16), that plenary power extends to flagging. Prior to the consolidation act, it was held that the common council of the city were the sole and exclusive judges as to the time, mode, and manner of laying out, making, grading, and paving streets. In re Dugro, 50 N. Y. 513. That act, consolidating all the special and local laws on that subject, invests the board of aldermen with power "to provide for regulating street

pavements, crosswalks, curbstones, gutterstones, sidewalks and the grades of streets, and to provide for regulating grading, flagging, curbing, guttering, * * * streets, roads and avenues." Consol. Act, § 86, subd. 9 (Laws 1882, c. 410). The power necessarily involves authority to determine the nature and extent of the flagging on a sidewalk in a particular locality. The character and requirements of the neighborhood dictate the extent of the stoneway. In a sparsely-settled district, the "corporation sidewalk," so called, consisting of a line of flags four feet in width, is deemed sufficient; in purely-business sections, the necessity of having stone from house limit to curb is recognized; while in some residential thoroughfares considerations of landscape gardening determine that a certain portion of the sidewalk, generally at the curb, shall remain uncovered. In each instance, however, the sidewalk is flagged. The extent to which the sidewalk is covered is not the controlling factor. The test is whether there is a substantial and suitable flagging, furnishing a convenient and sufficient mode of travel to pedestrians. We are satisfied that the sidewalk of the street in question fulfilled these requirements. In Re Garvey, 77 N. Y. 523, Danforth, J., said: "A sidewalk furnished with a stoneway may properly be said to be flagged, although the whole surface is not covered." And in Re Smith, 99 N. Y. 424, 2 N. E. 52, it was held that where an existing width of previously laid flagging was left undisturbed, and a new strip added, making the flagging eight feet wide instead of four, the addition constituted a new pavement. "The sidewalk had been once paved upon a plan and of a width at the time deemed suitable." 99 N. Y. 426, 2 N. E. 52. In the cases just cited, the additional pavement was held to constitute, not a new, but a re-pavement. Had the original stoneway not been of a substantial width, the subsequent work would have created an entirely new pavement. In re Brady, 85 N. Y. 268. The four feet of bluestone on the sidewalk under consideration was of substantial width, and provided an adequate way for foot passengers. The sidewalk was therefore flagged, and though the ordinance, penal in nature, be strictly construed, to the words therein must be accorded their usual and reasonable import. A flagged sidewalk does not mean one thing for the purpose of an assessment, and another for the purpose of an ordinance.

The appellant urges that in the cases referred to the element of estoppel on the city, and not the actual physical situation, was the pivotal point on which the decisions turned. Thus, he claims that in the Garvey Case, supra, which was a proceeding to assess abutting property owners for an alleged new flagging of the sidewalk, when in fact four feet of flagging had been previously laid under an ordinance providing for the "curbing, guttering, and flagging" of the street, the decision of the court of appeals, declaring these four feet to constitute a flagged sidewalk, proceeded on the theory that the city, having once declared the street to be flagged, and having levied an assessment therefor, was thereafter estopped from asserting that widening the stoneway was a new sidewalk, and thus dispense with the preliminary petition of the property owners, which was a condition precedent for a repavement. Laws 1873, c. 757, § 6. In other words,

the city, having declared the street to be flagged in compliance with a former ordinance, could not thereafter be heard to say that it was not flagged for the purpose of levying a second assessment under a subsequent ordinance. He claims, therefore, that the precedents cited cannot be invoked in an action for a penalty involving the fact of a flagging. This interpretation of the cases is not warranted. None of them turned on the question of estoppel. No reference, either express or implied, is made to that principle. In the Garvey Case, for instance, the court addressed itself to a consideration of the actual physical condition of the sidewalk. It is idle to urge grounds on which the court of appeals might have based its decision. In arriving at the conclusion that additional widths of stone did not constitute a new, but merely a repaved, sidewalk, that court specifically determined that the four feet of stone constituted a flagged sidewalk. The other cases are founded on the same reasoning.

The only further defense pleaded was former adjudication. To sustain that plea, the defendant introduced in evidence a copy of the summons and of his answer in a prior proceeding instituted by the city to recover from him a penalty for a like violation of the same ordinance with reference to the same premises. The only testimony offered on this subject is summed up in the statement of the defendant: "The action was brought before Mr. Justice Davenport, in this court. The judge took the matter under advisement, and dismissed the complaint on its merits." This was clearly insufficient to sustain that plea. The judgment roll was not introduced, nor its absence accounted for. There was no evidence that a trial was had, nor legal evidence that there was a dismissal on the merits or of any disposition of the cause. It is a well-settled rule that a former judgment does not constitute a bar to subsequent proceedings for the same cause of action, unless such judgment was rendered on the merits of the case. The judgment must therefore be affirmed.

Judgment affirmed, with costs to the respondent. All concur.