John F. Scileppi, J.
Application for an order reviewing an assessment levied on petitioners’ property for the construction of a storm sewer.
The sewer was completed on or about August 18, 1952. The assessment was levied on or about December 15, 1958. Petitioners contend that since the assessment was levied more than six years after the completion of the improvement, it is barred by the Statute of Limitations.
Subdivision 3 of section 306 of the New York City Charter provides that assessments shall be made ‘ ‘ if practicable ’ ’ within one year after receipt of the certificate of completion. The very fact that the charter provision includes the words ‘ ‘ if practicable ” implies that the one-year limitation is directory, not mandatory. There appears to be no limitation of time within which an assessment may be levied and, in the absence of such a provision, “ it is not within the power of the courts to introduce and enforce such a limitation.” (People ex rel. Schick v. Marvin, 249 App. Div. 293, 297, affd. 275 N. Y. 587.)
Even with respect to the collection of an assessment, as distinguished from the levying thereof, petitioners’ claim that the six-year statute applies is without merit. The lien of an assessment persists until the assessment has been paid. (L. K. Land Corp. v. Gordon, 1 N Y 2d 465.)
*284 Petitioners ’ second point is that there has been some inequality in the assessments levied on the various parcels. The reasons for the differences in the assessments are clearly set forth in the opposing affidavits. Apart from that, however, petitioners did not raise that question before the Board of Revision of Assessments and, in any event, the question cannot be raised Rere. The review permitted by the City Charter and the Administrative Code is limited to a situation where the assessment has been increased by “fraud or substantial error.” Even then, the assessment may not be reduced beyond that part which should have been assessed for the fair value of the improvement. (Administrative Code of City of New York, § 311-6.0.)
Until it is made to appear that an assessment exceeds the fair value of the work, the court has no power to grant any relief. (Matter of Mead, 74 N. Y. 216.) It is not alleged that the instant assessments exceed the fair value of the work.
The two petitioners herein have purported to sue as representatives of all owners of property on which similar assessments have been levied. Such a class suit may not be maintained. (Administrative Code of City of New York, § 311-5.0; Wallace v. Mayor of the City of N. Y., 53 App. Div. 187, affd. 165 N. Y. 658.)
The application must be denied and the petition dismissed.
Submit order.