In the Matter of the Petition of GUY R. PELTON, to Vacate an Assessment.

(Argued June 14, 1881 ; decided June 21, 1881.) ·

THIS was an appeal from an order of General Term, affirming an order of Special Term vacating an assessment for a sewer in Eleventh avenue, in the city of New York.

The objections to the assessment appear in the Mem. of the court, of which the following is a copy :

"The items for rock excavation and foundation plank could not legally be included in the assessment, for the reason that the prices were fixed in the proposal, and were not ascertained by competitive bidding, as required by law. This point has been adjudged in several cases, of which *In re Merriam** is the latest. But that case also establishes that the inclusion of these items did not avoid the whole assessment, but make a case for reduction, under section 27 of chapter 383 of the Laws of 1870.

"The objection to the items for surveyors' fees is not tenable. The mode of ascertaining these expenses may not produce the exact cost of this item of the work, but it approximates the actual expenditure and seems to be the only practicable method of ascertaining it, and it does not appear that the charge in this case is in excess of the sum properly chargeable to this work.

"Interest is to be charged only from the date of the ascertainment of the sum legally due and chargeable. This was decided in the case of *St. Joseph's Asylum* (69 N. Y. 353). The petitioner until that time is not bound to pay any thing on

---

* 84 N. Y. 596.

account of the improvement. The delay resulting from the effort to get rid of an assessment in excess of the sum legally chargeable is the fault of the city and its officers. The property owner is not in default until the amount of the assessment is ascertained, and until that time there is no charge upon the property, and, upon general principles, interest is not chargeable where there is no debt to which it can attach.

"The case should be remitted to the Special Term for the correction of the assessment in the particulars mentioned."

*J. A. Beall* for appellant.

*Charles E. Miller* for respondent.

*Per Curiam* Mem. for modification of order by reducing assessment in accordance with *In re Merriam*, and allowing interest from date of ascertainment of amount.

All concur.

Ordered accordingly.