(63 App. Div. 329.)

### SMALLWOOD v. COMPTROLLER OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

MUNICIPAL CORPORATIONS—TAXATION—INTEREST—PENALTY—EXCESSIVE TAX.

The interest penalty imposed by the Greater New York Charter, § 916, which provides for interest from the day on which the assessment rolls and warrants are delivered to the receiver, may be collected on the amount of taxes legally assessed from the date of the return of such assessment rolls and warrants, though the original assessment is excessive, and reduced by certiorari after such return, since Tax Law, § 253, provides that a corrected assessment shall have the same effect as if correctly made in the first instance.

Appeal from special term, Queens county.

Applications for mandamus by Eliza B. Smallwood against the comptroller of the city of New York and another to require the office to receive the principal of certain taxes in payment thereof without interest thereon.   From the order of the supreme court, special term (70 N. Y. Supp. 720), denying the motion, relator appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

George E. Blackwell, for appellant.

George S. Coleman, for respondents.

WOODWARD, J.   The relator was the owner of certain real estate in the borough of Queens, in the city of New York, which was assessed for taxation for the year 1899.   Not being satisfied with the valuation placed upon the property, the relator instituted a proceeding by certiorari under the tax law to review the same, resulting in an order entered July 7, 1900, reducing the value complained of, and directing that the tax extended against the original assessment should be corrected.   On the date of the filing of the order the amount of the tax as reduced was tendered to the deputy collector of assessments and arrears in the borough of Queens, without interest, and was refused by him upon the ground that the amount tendered was insufficient, for the reason that interest had accrued thereon.   The relator asked for a mandamus compelling the acceptance of the reduced assessment without interest, and a denial of the motion brings the matter before this court upon appeal.

The learned court at special term hands down an opinion very fully covering this case, and we feel called upon only to make a few suggestions as to the public policy of the matter.   The doctrine has long been recognized that some part of an assessment may be sustained where irregularity or invalidity appears as to others; and, when it can be ascertained, the portion which is sound and just may be upheld as unaffected by that which is invalid.   In re Merriam, 84 N. Y. 596, 606.   In the proceeding of the relator there was no doubt that some portion of the tax was valid, the contention being that the assessment was unequal and unjust.   The policy of the state requires that its taxes, levied and assessed for the purposes of government, shall be promptly paid, and to this end concessions are made in some instances for prompt payment, or penalties are affixed for de-

lays. In the case of the city of New York it is provided that there shall be a rebate if the taxes are paid on or before the 1st day of November in any year (section 915, Greater New York Charter), and that interest shall be paid at the rate of 7 per cent. upon all taxes remaining unpaid on the 1st day of January, "to be calculated from the day on which said assessment rolls and warrants shall have been delivered to the receiver of taxes to the date of payment." Section 916. When the relator in her certiorari proceeding secured a reduction in her assessment, she presumptively gained all of the relief to which she was entitled. She had reduced the assessment to a proper figure. She had had the use of her money during the pendency of the proceeding, and, as to the portion of the tax which it was her duty to pay, we can discover no greater reason why she should be relieved from the payment of interest than any other person who had delayed the payment of his taxes for the same length of time. There had been a valid assessment of taxes against her all of the time. The portion which was invalid had been set aside, and that which was valid was subject to all of the rules of law which affected any other valid assessment (section 253, Tax Law); and the fact that this may have caused some inconvenience to an individual is no reason why the higher policy of the state should be interfered with by an order of the court compelling the acceptance of a less sum from one person than would be demanded from another. This is not the case of an assessment upon benefited property for a public improvement, where the assessment possesses none of the elements of a completed charge upon the property, as in Re Miller, 24 Hun, 637, until the cost has been determined, but is a general assessment for the purposes of government, which does not depend for its validity upon the amount of money to be raised, but upon its value in comparison with other properties similarly located, or upon exemptions or other matters of that character. In cases of public improvement, the amount of the assessment depends upon the cost of a particular work. Until the cost has been ascertained, there is no basis on which the amount of the assessment may be based; and it was in reference to this kind of a case that the court used the language quoted by the appellant from In re Pelton, 85 N. Y. 651, and it has no bearing, and is not controlling, in the present case. "Interest is to be charged only from the date of the ascertainment of the sum legally due and chargeable," say the court in the case cited. "The petitioner until that time is not bound to pay anything on account of the improvement." But the case is quite different where the petitioner, as in the present case, has been legally liable for the amount of taxes now assessed against her during all of the time. The fact that she may not have been able to pay the exact amount before the determination of the certiorari proceeding does not relieve her of the penalty imposed for a failure to pay the tax legally due at the time fixed by the statute. She might have paid the full amount of the assessment under protest, as pointed out by the court at special term, and recovered the excess; and, having elected to defer all payment until the determination of the certiorari proceeding, she is not entitled to the interposition of the court to compel the acceptance

of a sum which is less than others, under a like delay, would be compelled to pay. The order appealed from should be affirmed, with costs. All concur.