PEOPLE ex rel. JAMAICA WATER SUPPLY, CO. v. STATE BOARD OF TAX COM'RS (CITY OF NEW YORK, Intervener).

(Supreme Court, Special Term, Albany County. January, 1910.)

APPEAL AND ERROR (§ 1207*)—DETERMINATION OF CAUSE—REMITTITUR—PROCEEDINGS BELOW—ENTRY OF ORDER.

On certiorari to review an assessment of special franchises by the State Board of Tax Commissioners, the Court of Appeals decided that the assessments were erroneous and should be corrected. *Held*, that the Supreme Court must make an order in accordance with the remittitur, though the erroneous assessments must have been canceled on the assessment rolls by the comptroller of the city of New York after dismissal of the appeal to the Court of Appeals, which was afterwards reinstated by such court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. § 1207.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Certiorari by the People, on the relation of the Jamaica Water Supply Company, against the State Board of Tax Commissioners to review an assessment. The City of New York intervened. Application for an order pursuant to remittitur from the Court of Appeals. Order entered.

See, also, 57 Misc. Rep. 475, 109 N. Y. Supp. 948; 128 App. Div. 13, 112 N. Y. Supp. 392.

Francis H. Van Vechten, for relator.
Edward R. O'Malley, for defendant State Board of Tax Com'rs.
Francis K. Pendleton, Corp. Counsel, and Addison C. Scoville, Asst. Corp. Counsel, for intervener.

LE BOEUF, J. A writ of certiorari was heretofore issued in this proceeding to review the action of the State Board of Tax Commissioners in assessing the special franchises of the relator in the borough of Queens, city of New York, county of Queens, for the year 1907. Thereafter, upon due return by the State Board of Tax Commissioners, an order of reference was made herein to Thomas Feitner, Esq., to take and report to this court the evidence upon the several issues of fact raised herein. The report of the referee was duly filed herein, and was confirmed by an order of the Special Term, dated April 8, 1908, in and by which report and the order confirming the same the assessment of the special franchises of the relator for the year 1907, as aforesaid, was fixed at the sum of $800,000. An appeal was taken thereafter from the said order to the Appellate Division of the Third Department by the relator. Said appeal having been heard, an order of the Appellate Division was entered in the office of the clerk of Albany county, October 7, 1908, reversing the order of the Special Term and annulling the determination of the defendant State Board of Tax Commissioners with respect to said assessment, and remitting the matter to the State Board for further consideration and new assessment. The defendants appealed therefrom to the Court of Appeals.

It is stated by counsel, though it does not appear in the record submitted, that this appeal was dismissed by Attorney General Jackson, and that thereafter, in January, 1909, pursuant to an order of this court, which also was not submitted upon this argument, the assessment was marked canceled upon the assessment rolls of the city of New York by the comptroller of said city of New York, and that thereafter the appeal of the defendants was reinstated, through proceedings instituted by Attorney General O'Malley; and it appears from the remittitur filed herein October 23, 1909, that the Court of Appeals did then order and adjudge that the order of the Appellate Division of the Supreme Court filed herein be modified, so as to remit the matter to the Special Term for rehearing, without costs to either party. The parties appear before this court and submit that no question is raised as to the propriety of a rehearing by this court, and agree that the value of the special franchises of the relator in the borough of Queens, city of New York, for the year 1907, was the

sum of $406,084.41, and stipulate that that amount be fixed by this court as the value of said franchises.

It is claimed by the city of New York that an order should be entered herein, pursuant to the said remittitur, reducing the assessment heretofore made by the State Board of Tax Commissioners from the said sum of $800,000 to the sum of $406,084.41, and that the officer or officers having custody of the assessment roll upon which the said erroneous assessment and any tax levied thereon have been entered shall forthwith correct the said entries in conformity to said order, and shall note upon the margin of the said roll opposite the said entries that the same have been corrected by the authority of this court. The relator insists that the order to be entered should require that the value of the relator's special franchises be fixed at the same sum, but that the comptroller of the city of New York, or other appropriate officer, be directed to enter the assessment for that amount on the assessment rolls for the current year, and further specifically directing the method of the giving of notice, in such manner that no interest shall run upon the said tax to be levied upon the said assessed valuation, until after the expiration of 25 days after the giving of the notice by registered mail to the relator of the making of the said entry of said assessment and tax by the comptroller or other officer of the city of New York.

Under Tax Law (Laws 1896, c. 908) § 253, as it existed in the year 1907, it is provided:

"If it shall appear upon the return to any such writ that the assessment complained of is illegal or erroneous or unequal for any of the reasons alleged in the petition, the court may order such assessment, if illegal, to be stricken from the roll, or if erroneous or unequal, it may order a reassessment of the property of the petitioner, or the correction of his assessment upon the roll, in whole or in part, in such manner as shall be in accordance with law, or as shall make it conform to the valuations and assessments of other property upon the same roll and secure equality of assessment."

Similar language appears in section 293 of chapter 60 of the Consolidated Laws. The opinion of the Court of Appeals shows clearly what the purpose of the court was in remitting this proceeding to this court for rehearing. Attention had been called to errors made below in valuing the special franchises; the court saying:

"We have shown that in thus seeking to fix the valuation certain errors were made because of the failure to make allowances to the relator in the computation which a proper application of the net earnings rule would in our judgment require. To cure these errors it is necessary that the case be sent back to the Special Term for further proceedings in accordance with this opinion."

Under the tax law a reassessment might have been ordered, but this was not ordered by the Court of Appeals, for a reason which was most clearly stated in its decision:

"It is not necessary, nor would it be proper, to send the matter back to the State Board of Tax Commissioners, for those officers, under the statutes as they now stand, possess no power to reduce the valuation of the special franchise for purposes of equalization."

It appears to me that the order of the Court of Appeals is clear, and must be obeyed, and that the assessment should be corrected in

accordance with its opinion. The parties themselves, by their stipulation as to the value of the special franchises of the relator for the year 1907, have fixed the amount to which the assessment should be reduced, and thereby concede that, in the year 1907, franchises of this value were the subject of taxation. The tax law in 1907, as well as section 293, c. 60, Consol. Laws, provided:

"A new assessment or correction of an assessment made by an order of the court shall have the same force and effect as if it had been so made by the proper officers within the time prescribed by law for making such assessment."

Were it not for the claimed cancellation of the assessment by the comptroller, doubtless no question would be raised but that the order asked for by the city of New York was proper. Matter of Smallwood, 63 App. Div. 329, 71 N. Y. Supp. 499. Despite the dismissal of the appeal and the attempted cancellation of the assessment (as to the effect of which no authorities were cited by either party), the Court of Appeals did reinstate that appeal.

The logic of the relator's position would require a finding that then, upon the reinstatement of that appeal, the court of last resort had no assessment whatever to review, and its decision was unavailing. That position would be untenable. The proceeding originally started in this court upon an assessment then existing is now returned to this court upon the same assessment by the Court of Appeals for it to perform a specific duty. That duty was to correct errors pointed out by the court of last resort. The parties themselves have avoided the necessity of testimony and have agreed upon the amount of reduction of the original assessment due to the errors previously made.

No authority appears to be vested in this Special Term under the order of the Court of Appeals, other than to enter an order in the form presented by the city of New York; and such an order may be entered by the city of New York accordingly.

Ordered accordingly.